KERN *v.* WASHTENAW CIRCUIT JUDGE.

1. COURTS—NUNC PRO TUNC ENTRY DEFINED.
    A *nunc pro tunc* entry is an entry made now of something which was actually previously done, to have effect as of the former date.[1]

2. APPEAL AND ERROR—NUNC PRO TUNC ORDER EXTENDING TIME TO APPEAL VOID WHERE NO PREVIOUS ORDER MADE.
    Where the 20 days in which to move for an extension of time to perfect an appeal expired on June 24th without any order or motion therefor having been made, a *nunc pro tunc* order entered on July 14th, as of the former date, extending the time, was void.[2]

Mandamus by Maggie Kern to compel George W.

[1]Courts, 15 C. J. § 386; [2]Appeal and Error, 4 C. J. § 1991; Courts, 15 C. J. § 386.

Sample, circuit judge of Washtenaw county, to sign a case-made for an appeal.    Submitted October 6, 1925.    (Calendar No. 31,956.)    Writ denied December 22, 1925.

*John D. Thomas* (*Carl A. Lehman*, of counsel), for plaintiff.

*Jones & Stuhrberg*, for defendant.

Moore, J.    This is an application to compel defendant to sign a case-made for the purpose of appealing it.

In October, 1923, the plaintiff filed a bill for divorce. In November, defendant filed an answer in the nature of a cross-bill.    In April, 1924, upon the hearing plaintiff withdrew her bill of complaint and the hearing proceeded on the cross-bill.    June 4, 1924, a decree for divorce was granted the defendant, and an order made in relation to the custody of the minor children, and an order was also made as to the property rights of the parties.    March 3, 1925, the case as proposed for settlement was presented to the circuit judge, and he declined to sign it.

In his return to the order to show cause, the trial judge returns several reasons why he should not be required to sign the proposed settlement.    As one of the reasons is conclusive it will not be necessary to discuss the others.

No 20-day order, so-called, was made.    The judge in his return says:

"That no motion or request for an extension of time in which to settle said cause upon appeal was made or filed in said cause within 20 days from the entry of the final decree in said cause."

The record discloses that an order called "*nunc pro tunc*" was made on the 14th day of July, 1924, upon

the *ex parte* application of the attorney for plaintiff and appellant by which it was ordered

"that the time for settling the case in the above entitled cause be and is hereby extended until the 30th day of September, A. D. 1924, and that it be entered *nunc pro tunc* as of the 24th day of June, 1924."

Counsel for plaintiff concede, we quote from the brief:

"that if the court was without authority to make the order on the 14th day of July, A. D. 1924, *nunc pro tunc* as of the 24th day of June, A. D. 1924, then the rights of the petitioning party have been lost."

What is a *nunc pro tunc* order? The answer is found at p. 460 in the case of *Freeman* v. *Wayne Probate Judge*, 230 Mich. 455. It is "an entry made now of something which was actually previously done, to have effect as of the former date." In the instant case no order had been made on the 24th day of June, and when that date was passed it was too late to make the order. See *Walker* v. *Wayne Circuit Judge*, 226 Mich. 393.

The writ of mandamus is denied, with costs.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.