TERRELL, Chief Justice.
August 20, 1946, appellant was tried and convicted of “murder, first degree,” in the Circuit Court of Randolph County, Alabama. Punishment of life imprisonment in the Alabama penitentiary was imposed wherein he was confined August 29, 1946, and from which he escaped April 10, 1953. He was at large until February 1956, when he was apprehended and taken in custody at Haines City, Florida. He was placed in jail at Tampa, Hillsborough County, where he is still held in custody by appel-lee as Sheriff of Hillsborough County.
March 6, 1956, Honorable James Folsom, Governor of Alabama, transmitted to the Governor of Florida a requisition for extradition of appellant and on March 16, 1956, a hearing under Section 941.04, Flor *263 ida Statutes, F.S.A., was conducted by the Governor of Florida, at which appellant was represented by counsel. After said hearing a rendition warrant was issued by the Governor of Florida ordering the arrest of appellant pursuant to the warrant of extradition of the Governor of Alabama. Thereafter appellant filed petition for writ of habeas corpus in the Circuit Court of Hillsborough County. The writ was issued March 27, the charge was investigated, the writ was quashed and appellant was remanded to the custody of the Sheriff of Hillsborough County. This appeal was prosecuted from the order or remand.
We are confronted with a motion to dismiss the appeal because it was not authorized by the trial court as provided by Section 79.11, Florida Statutes, F.S.A.
In response to the motion to dismiss appellant has filed an alleged nunc pro tunc order as follows:
“This cause coming on to be heard upon the motion for Order Nunc Pro Tunc granting permission as of March 28, 19S6 for Petitioner, McKinley Freeman, to appeal from this Court’s Order Quashing Writ of Habeas Corpus, it is, therefore, upon consideration thereof,
“Ordered, Adjudged and Decreed that said order Nunc Pro Tunc granting permission to appeal as of March 28, 1956.”
Casual inspection of the said order discloses that it is not complete but it is vague and indefinite and in present form it orders nothing, in that it fails to show that the court did actually give permission to petitioner to appeal and that through omission or inadvertence the said order was not recorded, nor does it show that permission was given to take the appeal as the statute requires. State ex rel. Brister v. Brister, 158 Fla. 662, 29 So.2d 699; Wright v. State, 32 Fla. 472, 14 So. 43; State ex rel. Wilson v. Quigg, 154 Fla. 348, 17 So.2d 697. The purpose of a nunc pro tunc order is to supply an omission in the record of action previously done which omission was made through inadvertence or mistake. Perkins v. Haywood, 132 Ind. 95, 31 N.E. 670; Kern v. Sample, 233 Mich. 140, 206 N.W. 532; 28A Words and Phrases, Nunc Pro Tunc, 779 et seq.
In his brief on the merits appellant contends that the warrant of extradition is fatally defective because of inconsistency on its face with the affidavit, the attestation and the annexed papers transmitted to the Governor of Florida by the Governor of Alabama.
Appellant does not deny that the accompanying papers attached to the warrant meet every requirement of the Federal Constitution, Art. IV, § 2, cl. 2, the Federal statute, 18 U.S.C.A. § 3181 et seq., and the Uniform Criminal Extradition Act, § 941.-01-941.30, Florida Statutes 1955, F.S.A., for the charges of murder in the first degree. They are shown to contain (1) the application from a prosecuting official; (2) the indictment; (3) the judgment and sentence; (4) the affidavit and warrant for charge of murder; (5) the demand; (6) statement from Commissioner of Board of Corrections that accused is a fugitive; (7) statement from Governor of Alabama that accused has escaped.
Under the Constitution and laws of the United States and the Uniform Criminal Extradition Act anyone charged with a crime and has fled from justice is subject to extradition. We think the warrant of extradition with the accompanying documents meet every requirement of the law and that appellant is subject to extradition. The questions he raises here are therefore without merit.
The order of the lower court quashing the writ of habeas corpus was proper and is accordingly affirmed.
Affirmed.
O’CONNELL and BUFORD, JJ., and LOPEZ, Associate Justice, concur.