GREEN OAK TOWNSHIP v MUNZEL

Docket No. 231704. Submitted January 14, 2003, at Lansing. Decided February 4, 2003, at 9:00 A.M.

Green Oak Township brought an action in the Livingston Circuit Court against Herbert Munzel, Green Oak MHC, Kenneth B. Lipshutz, and Phil Berg, seeking a declaration that Munzel could not petition the Green Oak Township Clerk for a referendum pursuant to § 12 of the township rural zoning act (TRZA), MCL 125.282, on the adoption by the township board of the terms of a consent judgment in an action by Green Oak MHC and Lipshutz against the township. The consent judgment allowed the development of a mobile home park on realty not zoned for such use. On motion by Green Oak MHC, the court, Daniel A. Burress, J., entered a judgment that declared the referendum petition invalid under the TRZA and that enjoined certification of the petition. Munzel appealed. While the appeal was pending, Munzel died and Ruth E. Munzel, personal representative of the decedent's estate, was substituted in place of the decedent.

The Court of Appeals *held*:

The right of referendum provided in § 12 of the TRZA applies to zoning ordinances only. The consent judgment at issue was neither the promulgation of a zoning ordinance nor an amendment of a zoning ordinance as contemplated by § 12, and thus was not properly subject to a referendum.

Affirmed.

ZONING — TOWNSHIP RURAL ZONING ACT — REFERENDUMS.

The right of referendum provided by the township rural zoning act extends only to the promulgation of a zoning ordinance or the amendment of a zoning ordinance (MCL 125.282).

*Connelly, Crowley, Groth & Seglund* (by *Bruce R. Seglund*) for Green Oak Township.

*Hyman Lippitt, P.C.* (by *Roger L. Myers*), for Green Oaks MHC and Kenneth B. Lipshutz.

*Keusch, Flintoft & Conlin, P.C.* (by *Peter C. Flintoft*), for the defendant.

Amici Curiae:

*John F. Rohe* for Environmental Council and Michigan Land Use Institute.

Before: O'CONNELL, P.J., and GRIFFIN and MARKEY, JJ.

O'CONNELL, P.J. Defendant Ruth E. Munzel[1] appeals as of right the circuit court's entry of judgment declaring Herbert Munzel's zoning referendum petition invalid and enjoining the requisite certification of the petition. We affirm.

The facts in this case are essentially undisputed. Defendant Kenneth B. Lipshutz petitioned the Green Oak Township Board to rezone 233 acres of land from RF (residential farming) to RMH (residential mobile home park), permitting the development of a 912-unit mobile home park. According to the township ordinance set forth in the record, mobile home communities are allowed only in districts zoned RMH. See, e.g., Green Oak Township Ordinances, § 4.7.3. The board denied Lipshutz's petition. After the board's denial, defendants Lipshutz and Green Oak MHC (GOMHC), landowners of the property at issue, sued the township in the Livingston Circuit Court and reached a settlement with the township. The terms of the settlement were reduced to a consent judgment, which was accepted by a four-to-three vote of the board members, and the judgment was entered by the circuit court. The judgment allowed the development of the

---

[1] Herbert Munzel, an original defendant in the lower court proceedings, is now deceased. Ruth E. Munzel is proceeding on his behalf as personal representative of his estate.

mobile home park for which Lipshutz initially petitioned, despite the zoning of the property.

Herbert Munzel, a property owner in Green Oak Township, filed a notice of intent to file a petition with the township clerk for a referendum on the adoption of the terms of the consent judgment pursuant to § 12 of the township rural zoning act (TRZA), MCL 125.282. That provision allows a registered elector residing in the township to submit a petition requesting that a zoning ordinance be placed before the other electors residing in the township. Thereafter, the township was presented with over one thousand signatures asking that the issue be placed on the ballot in the upcoming November election. Next, the township sued Munzel, Phil Berg (another petition circulator), Lipshutz, and GOMHC, to seek a declaratory judgment regarding whether a referendum could be properly invoked to overturn the consent judgment. GOMHC then filed a motion to declare the referendum petition invalid and to enjoin certification of the petition.

Essentially, the township, GOMHC, and Lipshutz argued that the consent judgment was valid because it did not in fact constitute a rezoning of the property, and, therefore, no right of referendum existed. On the other hand, Munzel claimed that the consent judgment actually did constitute rezoning while "disenfranchising the people[']s right to a referendum." Munzel maintained that the ordinance only allows mobile home parks in established zones. Nonetheless, the trial court ruled that the TRZA does not allow a referendum to be taken on a consent judgment. This

appeal followed, and we accepted briefing from amici curiae.[2]

Defendant Munzel argues on appeal that the township board did not comply with the TRZA when it signed the consent judgment permitting GOMHC to build the mobile home park and that township residents have the right of referendum on the zoning issue. Because the issues raised in defendant Munzel's appeal are intertwined, we address them together.

This Court reviews de novo questions of law in declaratory judgment actions. *Herald Co, Inc v Ann Arbor Pub Schools*, 224 Mich App 266, 271; 568 NW2d 411 (1997). Statutory interpretation is a question of law that is also considered de novo on appeal. *Dessart v Burak*, 252 Mich App 490, 494; 652 NW2d 669 (2002). At the outset we note, as the court below did, that Michigan case law does not address whether a consent judgment is subject to the right of referendum created in MCL 125.282. Therefore, this is an issue of first impression.[3]

MCL 125.282, on which defendant Munzel relies, is the part of the TRZA that authorizes the initiation of a referendum election. It states:

> Within 7 days after publication of a zoning ordinance under section 11a, a registered elector residing in the portion of the township outside the limits of cities and villages

---

[2] We note that we have reviewed the brief of amici curiae and the parties' submissions of supplemental authority.

[3] Amici curiae point out that a substantially similar issue is pending before our Supreme Court. In *Petoskey Investment Group LLC v Bear Creek Twp*, unpublished order of the Court of Appeals, entered October 31, 2002 (Docket No. 244243), this Court denied a delayed application for leave to appeal a court-ordered zoning referendum following a consent judgment. An application for leave to appeal that decision was filed in our Supreme Court on November 21, 2002, in Docket No. 122779.

may file with the township clerk a notice of intent to file a petition under this section. If a notice of intent is filed, then within 30 days following the publication of the zoning ordinance, a petition signed by a number of registered electors residing in the portion of the township outside the limits of cities and villages equal to not less than 10%[4] of the total vote cast for all candidates for governor, at the last preceding general election at which a governor was elected, in the township may be filed with the township clerk requesting the submission of an ordinance or part of an ordinance to the electors residing in the portion of the township outside the limits of cities and villages for their approval. Upon the filing of a notice of intent, the ordinance or part of the ordinance adopted by the township board shall not take effect until 1 of the following occurs:

(a) The expiration of 30 days after publication of the ordinance, if a petition is not filed within that time.

(b) If a petition is filed within 30 days after publication of the ordinance, the township clerk determines that the petition is inadequate.

(c) If a petition is filed within 30 days after publication of the ordinance, the township clerk determines that the petition is adequate and the ordinance or part of the ordinance is approved by a majority of the registered electors residing in the portion of the township outside the limits of cities and villages voting thereon at the next regular election which supplies reasonable time for proper notices and printing of ballots, or at any special election called for that purpose. The township board shall provide the manner of submitting an ordinance or part of an ordinance to the electors for their approval or rejection, and determining the result of the election. [MCL 125.282.]

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette*

---

[4] The "10%" figure was changed to "15%" in 2001 PA 177 on December 15, 2001, after the present case was heard below.

*Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). "The rules of statutory construction merely serve as guides to assist the judiciary in determining intent with a greater degree of certainty." *Title Office, Inc v Van Buren Co Treasurer*, 249 Mich App 322, 326; 643 NW2d 244 (2002). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). "[O]nce the intention of the Legislature is discovered, it must prevail regardless of any conflicting rule of statutory construction." *Traffic Jam & Snug, Inc v Liquor Control Comm*, 194 Mich App 640, 645; 487 NW2d 768 (1992). Courts may not speculate about the probable intent of the Legislature beyond the language expressed in the statute. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). "If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted." *Guardian Photo, Inc v Dep't of Treasury*, 243 Mich App 270, 277; 621 NW2d 233 (2000).

In this case, the plain and ordinary language of MCL 125.282 indicates that the right of referendum is applicable to *zoning ordinances* only. We emphasize that the Legislature expressly refers to the word "ordinance" to the exclusion of other types of zoning actions including variances, exceptions, and special use permits. In our view, the term "ordinance" has a particularized meaning when used with reference to the TRZA. Specifically, the enactment of a zoning ordinance is considered a "distinct legislative act." 8 McQuillin, Municipal Corporations (3d ed), § 25.52, p 163; see also *Sun Communities v Leroy Twp*, 241 Mich App 665, 669; 617 NW2d 42 (2000), citing

*Schwartz v Flint,* 426 Mich 295, 307-308; 395 NW2d 678 (1986). Notably, the TRZA sets forth formal provisions for the enactment of an ordinance by the appropriate boards and governing bodies. MCL 125.281.

The consent judgment at issue did not comport with the aforementioned particularized requirements of a zoning ordinance or amendment. Accordingly, the consent judgment was neither the promulgation of a zoning ordinance nor an amendment of a zoning ordinance as contemplated by MCL 125.282. Therefore, a determination that MCL 125.282 is applicable to a consent judgment would be contrary to the plain language of the statute. See *Guardian Photo, supra.*

Adopting defendant Munzel's argument would not only be in conflict with the plain language of the statute, but would also lead to an unreasonable result whereby any zoning board decision could potentially be subject to a right of referendum.[5] That result would be untenable because even the most routine zoning decisions could be subject to a costly and time consuming referendum. Moreover, if that were the Legislature's intent, it would have expressed as much. Instead, the Legislature chose to specify that MCL 125.282 applies to zoning ordinances, as opposed to a variety of other zoning actions and decisions.

While the consent judgment may have been an attempt to bypass the zoning regulations, that claim is

---

[5] We also note that for this Court to rule that a referendum may be taken on a matter settled by a court judgment would violate the separation of powers among the legislative and judicial branches of government and the rights reserved to the people. See, generally, Const 1963, art 1, § 23, art 3, § 2; *Armstrong v Ypsilanti Charter Twp,* 248 Mich App 573, 585; 640 NW2d 321 (2001).

not properly before us.[6] The only question properly presented to this Court is simply whether the consent judgment was subject to a right of referendum pursuant to MCL 125.282. Furthermore, we are not suggesting that Munzel had no avenue by which to contest the action of the township, we simply believe that Munzel could not effectively do so by a referendum.[7]

We suggest that the effect of the consent judgment is more akin to a use variance, which our Supreme Court has determined is allowable. *Mitchell v Grewal*, 338 Mich 81, 87; 61 NW2d 3 (1953). Specifically, a zoning board has the authority to allow a use in a

---

[6] Amici curiae argue that our holding today will encourage townships to routinely use consent judgments to effect zoning changes by circumventing the enactment procedure and the citizen's right to referendum. We do not agree. A consent judgment by its nature is a settlement reached by two opposing parties to a court proceeding. To reach a consent judgment allowing a zoning change, the township would have to file suit against or be sued by a developer. That is, the township's position would necessarily be opposing that of the developer. Putting aside the fact that the citizens could intervene at this point in the proceedings, it strikes us as uncertain and illogical that a township would engage in the fiction of advocating against a zoning change initially only to successfully procure a settlement with the opposing party allowing the zoning change.

[7] The proper remedies in this case were: (1) citizen intervention in the trial court proceedings below, which was done too late here and therefore denied, see *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 762; 630 NW2d 646 (2001) (property owners could intervene to challenge a township's continued enforcement of a zoning ordinance where the township had entered into a consent judgment allowing development, suggesting that township's representation of property owners was inadequate), citing MCR 2.209; and (2) recalling the offending township officials, see MCL 168.960(1). Further, the township could have reserved the right to appeal the consent judgment, but chose not to. See *Travelers Ins v U-Haul of Michigan, Inc*, 235 Mich App 273, 278, n 4; 597 NW2d 235 (1999) (appeal of right is available from a consent judgment where reserved); 7 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 7.203, p 139 (an appeal by right is generally lost on agreeing to a consent judgment; leave to appeal may be requested). We believe that it is within the township's discretionary authority to settle a legal matter or appeal an adverse judicial decision.

zoning district that would not otherwise be allowed under an ordinance. *Paragon Properties Co v Novi*, 452 Mich 568, 575; 550 NW2d 772 (1996); 25 Mich Civ Jur, zoning § 36, pp 669-670 (2001). Essentially, when a variance is granted, the ordinance—and zoning pursuant to the ordinance—is left unchanged. However, a particularized exception to the provision of the ordinance is permitted. Mich Civ Jur, zoning § 37, pp 670-673 (2001); *Mitchell, supra* at 88. Accordingly, a variance is distinct from an ordinance or an amendment of an ordinance as contemplated by the TRZA.

Defendant Munzel also argues that the publication of "a synopsis of the minutes" in this case was in compliance with the TRZA requirement that a notice of an adoption of an ordinance be published, and, therefore, the publication somehow gave rise to a right of referendum. See MCL 125.281a. However, the simple act of publishing a notice of adoption of a consent judgment fails to transform the judgment into a "zoning ordinance" as contemplated by the TRZA. See MCL 125.281 *et seq.* Specifically, we hold that the publication requirements set forth in MCL 125.282a contemplate something more than the mere mention of township action. The statute requires that notice of adoption of an ordinance be published, and shall include the statement: "A zoning ordinance regulating the development and use of land has been adopted by the township board . . . ." MCL 125.281a(a). Further, the statute mandates the inclusion "[i]n the case of an amendment to an existing zoning ordinance, either a summary of the regulatory effect of the amendment, including the geographic area affected, or the text of the amendment." MCL 125.281a(b). The synopsis of

the minutes included none of the above. Accordingly, defendant Munzel's argument on this issue fails.

Finally, defendant Munzel argues, "the lower court has no inherent power to rule that the Consent Judgment barred the right of referendum without first finding the zoning ordinance to be unconstitutional, and in the absence of such a ruling, the electors are entitled to their right of referendum." However, defendant Munzel merely asserts this proposition without logical development. An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). An appellant's failure to properly address the merits of his assertion of error constitutes an abandonment of the issue. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). In any event, we find no authority for defendant Munzel's proposition that an equitable right of referendum exists for any township action or circuit court judgment.

Therefore, we affirm the trial court's entry of judgment declaring the referendum petition invalid with regard to the consent judgment.

Affirmed.