VAN REKEN v DARDEN, NEEF & HEITSCH

Docket No. 240478. Submitted September 3, 2003, at Detroit. Decided November 20, 2003, at 9:00 A.M. Leave to appeal sought.

Stanley Van Reken brought an action in the Oakland Circuit Court against Darden, Neef & Heitsch and Lawrence D. Heitsch, seeking damages for legal malpractice. The court, Robert C. Anderson, J., entered a judgment on March 7, 1991, in favor of the plaintiff, and an amended final judgment on July 29, 1991. The defendants failed to pay the judgment. On February 28, 2001, the court, Gene Schnelz, J., granted the plaintiff's ex parte motion, extending the judgment for ten years. The plaintiff filed a complaint on June 27, 2001, seeking to renew the judgment. The court, Wendy Potts, J., granted summary disposition in favor of the plaintiff. The court then granted the defendants' motion for reconsideration, finding that the action to renew the judgment was barred by MCL 600.5809(3) on the basis that neither the amended judgment nor the ex parte order affected the running of the period of limitations. The plaintiff appealed.

The Court of Appeals *held*:

The court erred in holding that the ex parte motion and the complaint to renew the previous judgment were barred by the statute of limitations.

1. The plaintiff's ex parte motion to modify and extend the judgment, an ex parte action, constituted "an action" under MCL 600.5809(3) that was sufficient to renew the judgment. The motion was granted within the ten-year period of limitations set forth in the statute.

2. The Legislature's use of the phrase "an action" in MCL 600.5809(3) indicates a clear intention that actions beyond just civil complaints may extend or renew a judgment. The ex parte motion constituted "an action" sufficient to extend the judgment. The court erred in granting the motion for reconsideration and in denying the plaintiff's motion for summary disposition.

Reversed and remanded.

JUDGMENTS — TORTS — EX PARTE MOTIONS TO EXTEND JUDGMENTS.

> An ex parte motion to extend a tort judgment, if filed within ten years of the judgment, may be considered an action founded on the judgment that serves to renew the judgment (MCL 600.2903, 600.5809[3]).

*Daniel I. Weberman* for the plaintiff.

*Lawrence D. Heitsch* for the defendants.

Before: O'CONNELL, P.J., and JANSEN and FORT HOOD, JJ.

JANSEN, J. Plaintiff appeals as of right from a circuit court order granting defendants' motion for reconsideration and denying plaintiff's motion for summary disposition.[1] We reverse and remand.

Following a jury verdict, a judgment in the amount of $115,691.96 was entered on March 7, 1991, in favor of plaintiff, who, apparently, sued defendants for legal malpractice. An amended "final judgment" was entered on July 29, 1991.[2] Defendants paid no part of the judgment amount, and on February 28, 2001, Oakland Circuit Judge Gene Schnelz[3] granted an ex parte motion, extending the previous judgment in favor of plaintiff for ten years and showing an outstanding $399,642.79 balance on the judgment. Subsequently, plaintiff filed a complaint on June 27, 2001, to renew the judgment because the ten-year period of limita-

---

[1] On the motion for reconsideration of the circuit court's prior grant of summary disposition to plaintiff, defendants successfully argued that plaintiff's complaint to renew a judgment was not filed within the statutory ten-year period of limitations.

[2] It appears that the only difference between the final judgment and the amended final judgment is the caption identifying one of the defendants.

[3] Judge Schnelz was subsequently disqualified from this case because his son represented plaintiff in the underlying claim, and the case was reassigned to Judge Wendy Potts.

tions on the previous judgment, which he alleged was entered on July 29, 1991, was set to expire. Plaintiff moved for summary disposition, and the circuit court granted this motion on October 17, 2001, entering judgment against defendants in the amount of $399,642.79.

Defendants subsequently moved for reconsideration pursuant to MCR 2.119(F). The circuit court granted this motion, finding that plaintiff's action to renew the judgment was time-barred by MCL 600.5809(3). The circuit court found that the March 7, 1991, judgment, and not the July 29, 1991, amended judgment, was the final judgment. Consequently, the circuit court found that the ten-year period of limitations began to run on March 7, 1991, and, thus, the June 27, 2001, complaint to renew the judgment was time-barred. The circuit court held that neither the July 29, 1991, amended judgment nor the February 28, 2001, ex parte order affected the running of the period of limitations.

Plaintiff argues that the trial court erred in finding that his ex parte motion and complaint to renew a previous judgment entered in his favor against defendants was time-barred. We agree. "Absent a disputed issue of fact, this Court decides de novo, as a question of law, whether a cause of action is barred by a statute of limitations." *Novi v Woodson*, 251 Mich App 614, 621; 651 NW2d 448 (2002).

A proper determination of the issues presented in this case requires us to interpret statutory provisions. Statutory interpretation is also a question of law that is considered de novo on appeal. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003). With regard to statutory inter-

pretation, our Supreme Court has stated the following:

> [T]he primary goal of judicial interpretation of statutes is to discern and give effect to the intent of the Legislature. This Court discerns that intent by examining the specific language of a statute. If the language is clear, this Court presumes that the Legislature intended the meaning it has plainly expressed and the statute will be enforced as written. Unless otherwise defined in the statute, or understood to have a technical or peculiar meaning in the law, every word or phrase of a statute will be given its plain and ordinary meaning. [*Federated Publications, Inc v City of Lansing*, 467 Mich 98, 107; 649 NW2d 383 (2002) (citation omitted).]

When interpreting a statute, the fair and natural import of the terms employed, in view of the subject matter of the law, should govern. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). Courts may not speculate regarding the probable intent of the Legislature beyond the language expressed in the statute. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002); *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd*, 240 Mich App 153, 173; 610 NW2d 613 (2000). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999); *Toth v AutoAlliance Int'l, Inc*, 246 Mich App 732, 737; 635 NW2d 62 (2001).

Plaintiff contends that the period of limitations should run from the amended final judgment or, in the alternative, that the order granting the ex parte motion was sufficient to renew the judgment. MCL 600.2903 provides:

> Any judgment in tort heretofore or hereafter rendered and of record in any court of record in this state may be sued on and renewed, within the time and as provided by law, and such renewal judgment or judgments, when obtained, shall likewise be in tort and have the same attributes as the original tort judgment or judgments, with all the rights and remedies of tort judgments attaching thereto.

MCL 600.5809(3) states:

> Except as provided in subsection (4), the period of limitations is 10 years for an action founded upon a judgment or decree rendered in a court of record of this state . . . from the time of the rendition of the judgment or decree. . . . Within the applicable period of limitations prescribed by this subsection, *an action* may be brought upon the judgment or decree for a new judgment or decree. The new judgment or decree is subject to this subsection. [Emphasis added.]

We find that plaintiff's ex parte motion to modify and extend the judgment, an ex parte action, constituted "an action" under MCL 600.5809(3) that was sufficient to renew the judgment. Plaintiff's ex parte motion was granted on February 28, 2001, which is within the ten-year period of limitations set forth in MCL 600.5809(3), regardless of whether we consider the March 7, 1991, judgment or the July 29, 1991, amended judgment as the final judgment.

Plaintiff contends either that (1) his ex parte motion was actually a writ of scire facias,[4] which may be granted to extend a judgment, or that (2) *McGraw*

---

[4] Scire facias is defined in Black's Law Dictionary (7th ed, 1999), p 1347, as "[a] writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived."

*v Parsons,* 142 Mich App 22; 369 NW2d 251 (1985), stands for the proposition that "any action," including a motion, will suffice to extend a judgment. There is no indication that the order granting the ex parte motion to modify and extend the judgment was a writ of scire facias. See *McRoberts v Lyon,* 79 Mich 25, 33-34; 44 NW 160 (1889).

Defendants argue that pursuant to MCL 600.1901 and MCR 2.101, plaintiff's ex parte motion was not an action within the meaning of the statute because it was not commenced by filing a complaint with the court. Both MCL 600.1901 and MCR 2.101 refer to a "civil action." However, MCL 600.5809(3) uses the phrase "an action," thus, supporting a finding that the Legislature intended a broader definition. See *Federated Publications, supra* at 107; *Pohutski, supra* at 683.

In *McGraw, supra* at 24-25, this Court stated that "we agree with other jurisdictions which have generally deemed any action on the judgment, whether pursuant to a new complaint or a writ of *scire facias,* to be a continuation of the original action such that jurisdiction is proper in the court which rendered the original judgment."[5] This Court in *McGraw, supra,* provided that "any action" was sufficient to continue a judgment for the purpose of personal jurisdiction. *Id.* at 25. In *Ewing v Bolden,* 194 Mich App 95, 101; 486 NW2d 96 (1992), this Court discussed *McGraw, supra,* in conjunction with MCL 600.5809(3), and reaffirmed that for purposes of personal jurisdiction "[a]ny subsequent action based on the original judg-

---

[5] We note that *McGraw, supra,* addressed whether a Michigan court had personal jurisdiction over a defendant in a new action to extend a previous judgment. *Id.* at 24.

ment . . . is deemed to be a continuation of the original action. . . ."

Taking the plain meaning of the phrase "an action," we find that in MCL 600.5809(3) the Legislature clearly intended actions beyond just civil complaints to extend or renew a judgment. See *Federated Publications, supra* at 107; *Pohutski, supra* at 683. The phrase "an action" is broader than the phrase "civil action," which reveals the Legislature's intent to allow actions beyond a civil complaint to extend a judgment pursuant to MCL 600.5809(3). Once the intention of the Legislature is discovered, it must prevail regardless of any conflicting rule of statutory construction. *Green Oak Twp v Munzel*, 255 Mich App 235, 240; 661 NW2d 243 (2003). Thus, the remaining question is whether plaintiff's ex parte motion constitutes "an action" for the purposes of MCL 600.5809(3). We find that plaintiff's ex parte motion, as an ex parte action, constitutes an action sufficient to extend the judgment.

In *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554; 640 NW2d 256 (2002), our Supreme Court, quoting Black's Law Dictionary (7th ed), used the following definition for "action": " 'The process of doing something; conduct or behavior. 2. A thing done . . . . 3. A civil or criminal judicial proceeding.' " The Court, then, provided that "according to the plain meaning of these words, a claim consists of facts giving rise to a right asserted in a judicial proceeding, which is an action. In other words, the action encompasses the claims asserted." *CAM, supra* at 555.[6]

---

[6] We note that in *CAM, supra,* the Court was interpreting MCR 2.403(M)(1) and not MCL 600.5809(3), but we find the definition of "action" useful to the present case. In *Wilcoxon v Wayne Co Neighborhood*

Common words must be understood to have their everyday, plain meaning. *Id.* at 554; MCL 8.3a. Applying the plain meaning of "an action" to this matter, plaintiff's ex parte motion was " 'doing something' " and was asserting a right in a judicial proceeding, albeit ex parte. See *Cam, supra* at 554-555, quoting Black's Law Dictionary (7th ed).

We find that plaintiff's ex parte motion constituted an assertion of a right through a judicial proceeding and, thus, was sufficient to be considered "an action" under MCL 600.5809(3). There was an ex parte motion and an order on that motion within the applicable time period provided to renew the judgment. Consequently, the circuit court erred in granting defendants' motion for reconsideration and denying plaintiff's motion for summary disposition because plaintiff's ex parte action was sufficient to renew the judgment.[7]

Reversed and remanded for entry of summary disposition in favor of plaintiff. We do not retain jurisdiction.

---

*Legal Services,* 252 Mich App 549, 554-555; 652 NW2d 851 (2002), this Court noted that the term "action" in MCR 2.403(A) applies to a "civil action" because the term "civil action" is used. However, as noted, MCL 600.5809(3) uses the broader phrase "an action" rather than the phrase "civil action."

[7] Based on our resolution, it is unneccessary to address, at this time, whether the March 7, 1991, judgment or the July 29, 1991, amended judgment was the final judgment for purposes of MCL 600.5809(3).