# STATE OF MICHIGAN

# COURT OF APPEALS

TERRI CHURCH,

Plaintiff-Appellant,

v

CITADEL BROADCASTING COMPANY,

Defendant-Appellee.

UNPUBLISHED
February 17, 2015

No. 319210
Ingham Circuit Court
LC No. 09-001241-NI

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition to defendant on her claim of ordinary negligence, and the trial court's order, on reconsideration, granting summary disposition to defendant on her premises liability claim. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff won a prize by calling into defendant's radio station. The station instructed plaintiff to come to its downtown Lansing office within two weeks to claim the prize. Plaintiff did so that same day. When she arrived, the front door was locked because the interior of the building was being remodeled. Plaintiff observed a sign directing her to follow arrows around the building to an alternate entrance. She walked around the building and entered through the designated entrance. Once inside, plaintiff proceeded up a flight of stairs.

From the bottom of the stairs, plaintiff observed that they were carpeted. She further observed bare spots where wood was showing through areas of missing or shredded carpeting. Plaintiff also observed duct tape covering holes in the carpeting. Just before reaching the first landing, plaintiff fell forward and struck her knee against the wooden landing. Plaintiff stated that her foot became caught in the carpeting that came loose on one of the steps when she stepped on it. She continued up the stairs, claimed her prize, and went down the same stairs to exit the building. Plaintiff alleged that the fall caused injury to her back and that she required six surgeries over the course of five years.

Plaintiff's first amended complaint contained two counts: (1) premises liability, and (2) ordinary negligence.[1] The trial court dismissed the ordinary negligence count for failure to state a claim upon which relief could be granted. MCR 2.116(C)(8). The trial court initially denied defendant's motion for summary disposition under MCR 2.116(C)(10) on the premises liability count, but, on defendant's motion, reconsidered that ruling and granted summary disposition to defendant on that count as well, holding in part that the condition plaintiff encountered was open and obvious. This appeal followed.

## II. PREMISES LIABILITY

Plaintiff argues that the trial court erred in granting defendant's motion for reconsideration, and thus in granting summary disposition to defendant on plaintiff's premises liability claim. We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Woods v SLB Prop Mgmt LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "On appeal, a trial court's grant or denial of summary disposition is reviewed de novo." *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 437; 695 NW2d 84 (2005).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999) (citations and internal quotation marks omitted).]

To succeed on a motion for reconsideration, the moving party must "demonstrate a palpable error by which the court and the parties and have been misled . . . ." MCR 2.119(F). In this case, the trial court found, in light of plaintiff's own testimony that she had noticed the condition of the stairs, that it had committed a palpable error in initially denying defendant's motion for summary disposition, and in finding that the condition of the carpet created a question of material fact regarding whether the hazard was open and obvious. We agree.

Although not argued by the parties, we note that it is unclear precisely what, if any, new issues defendant raised in its motion for reconsideration, as the trial court had already considered the issue of whether the hazard was open and obvious. Generally, motions for reconsideration that merely present the same arguments that were already ruled on by the trial court will not be granted. MCR 2.119(F)(3). However, nothing in the court rule precludes a trial court from "granting a motion for reconsideration even if the motion presents the same issues initially

---

[1] Plaintiff's initial complaint was filed on September 8, 2009, but the proceedings were stayed on January 13, 2010 because defendant had entered voluntary Chapter 11 bankruptcy proceedings. Plaintiff and defendant stipulated that plaintiff's claim would be excluded from the bankruptcy and allowed to proceed after the stay was lifted. On July 25, 2012, the lower court ordered the stay lifted and allowed the case to proceed.

argued and decided." *In re Estate of Moukalled*, 269 Mich App 708, 714; 714 NW2d 400 (2006). To the contrary, the court rule expressly does not "restrict[] the discretion of the court." MCR 2.119(F)(3). We conclude that the trial court did not abuse its discretion in granting defendant's motion for reconsideration. Having held that the trial court did not err in granting reconsideration, we therefore consider de novo the *result* of that reconsideration, i.e., the trial court's grant of summary disposition to defendant. See *Van Reken v Darden, Neef & Heitsch*, 259 Mich App 454; 674 NW2d 731 (2003) (applying de novo standard of review to a denial of summary disposition following the trial court's granting of the defendant's motion for summary disposition).

"In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, this duty does not extend to open and obvious dangers. *Id*. A danger is open and obvious if "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection[.]" *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). "Because the test is objective, this Court looks not to whether a particular plaintiff should have known that the condition was hazardous, but to whether a reasonable person in his or her position would have foreseen the danger." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 713; 737 NW2d 179 (2007).

"[A] premises owner retains a duty as to those open and obvious hazards that have either of two 'special aspects': those that are either (1) effectively unavoidable or (2) pose a substantial risk of death or serious injury." *Attala v Orcutt*, 306 Mich App 502, 505; ___ NW2d ___ (2014), citing *Lugo*, 464 Mich at 518 and *Hoffner v Lanctoe*, 492 Mich 450, 463; 821 NW2d 88 (2012).

Viewed in the light most favorable to plaintiff, the evidence reflects that plaintiff's foot caught on carpeting that had come loose from the stairs. Prior to the fall, plaintiff saw duct tape and bare wood showing through holes in the carpet. Regarding the step she tripped on, plaintiff testified that she could see that "where [the carpet] was higher than the other part of the carpet because it was loose. It was not flat like, you know, other portions of the step." It is not entirely clear from plaintiff's deposition testimony whether she made this observation before or after her fall, however she testified that her fall did not cause the carpet to "[p]ull off" the riser of the stairs. She also stated, in comparing a picture of the post-renovation steps to the steps on the day of her fall, "This carpet appears, you know, adhered to the step. The other carpet [the carpet on the step that plaintiff alleges caused her fall] was looser, puffy." Defendant's contractor also testified to the visibility of the duct tape on the stair carpeting.

The trial court correctly held that the danger of loose or uneven carpet would have been discoverable upon casual inspection by a person of average intelligence. Plaintiff herself observed serious issues with the condition of the carpet, and may have observed the unevenness and looseness of the carpet on the step in question prior to her fall, but even if she did not make that specific observation at that specific time, the test is objective; a reasonable person would have foreseen the danger. *Novotney*, 198 Mich App at 475.

Further, the hazard had no special aspects which would give rise to a duty on the part of the premises owner. The hazard was not unavoidable, because "situations in which a person has

-3-

a choice whether to confront a hazard cannot truly be unavoidable." *Hoffner*, 492 Mich at 469. Here, plaintiff had the option to come back and retrieve her prize on a different day—or not retrieve the prize at all. Likewise, a substantial risk of death or serious injury was not present in this case. "[A]n 'unreasonably dangerous' hazard must be just that—not just a dangerous hazard, but one that is unreasonably so. And it must be more than theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Hoffner*, 492 Mich at 472. There is nothing in the record to suggest that the stairs in question posed a substantial risk of death or serious injury beyond the ordinary danger posed by falling on stairs. See *Lugo*, 464 Mich at 518.

We therefore affirm the trial court's grant of summary disposition to defendant on reconsideration.[2]

## III. ORDINARY NEGLIGENCE

Plaintiff also argues that the trial court erred when it granted summary disposition to defendant on plaintiff's ordinary negligence claim on the ground that plaintiff had failed to state a claim on which relief could be granted. MCR 2.116(C)(8). We disagree.

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. MCR 2.116(G)(5). [*Maiden*, 461 Mich at 119-120 (citations and internal quotation marks omitted).]

"Courts are not bound by the labels that parties attach to their claims. Indeed, it is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012). Thus, the mere fact that plaintiff framed her claim as one for ordinary negligence did not preclude the trial court from holding that her claim properly sounded in premises liability.

Overt acts of a premises owner can be the basis of an ordinary negligence claim independent of the duties owed to a plaintiff as an invitee. *Laier v Kitchen*, 266 Mich App 482,

---

[2] Plaintiff also argues that defendant's alleged violation of certain building codes constituted evidence of negligence. However "even when a hazardous condition results from a code violation, the critical inquiry is whether there is something unusual about the alleged hazard that gives rise to an unreasonable risk of harm." *Kennedy*, 274 Mich App at 720 (citations, internal quotation marks, and alteration marks omitted). Here, no evidence was presented to the trial court that any alleged code violation rendered the risk of harm unreasonable. See *Lugo*, 464 Mich at 518.

439; 702 NW2d 199 (2005). Here, however, the alleged accident was caused, if at all, by a condition on defendant's premises and not by an independent negligent act or omission of defendant. Plaintiff alleged that she fell on loose carpet after she was redirected around construction by signs and arrows to the back stairs. Plaintiff's claim, therefore, is that defendant configured the premises in such a way that she was led toward a hazardous condition that defendant had created on the back stairs. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692. We therefore affirm the trial court's grant of summary disposition regarding plaintiff's claim for ordinary negligence.

Affirmed.

/s/ Michael J. Riordan
/s/ William B. Murphy
/s/ Mark T. Boonstra