*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW NICHOLAS,

      Plaintiff-Appellee,

UNPUBLISHED
June 27, 2024

v

No. 364242
Wayne Circuit Court
LC No. 11-012625-CZ

AARON MICHAEL WILSON,

      Defendant-Appellant.

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Plaintiff, Matthew Nicholas, sought to renew a tort judgment by ex parte motion a couple months before its 10-year expiration date; however, the trial court did not order the renewal of the judgment until after the 10-year limitations period expired. But the court's order was entered *nunc pro tunc*, retroactively taking effect before the tort judgment expired. Defendant, Aaron Michael Wilson, moved to set aside the *nunc pro tunc* order, and the trial court denied the motion as well as Wilson's subsequent motion for reconsideration. Wilson appeals by leave granted,[1] arguing that the trial court lacked the authority to enter the *nunc pro tunc* order. We affirm.

## I. BACKGROUND

On November 1, 2009, Nicholas and his friends attended a Detroit Lions football game in Detroit. After the game, Wilson threatened to harm Nicholas and then committed a battery against him, which required Nicholas to undergo multiple surgeries and resulted in significant medical expenses. Nicholas filed an assault-and-battery tort action against Wilson, and on April 20, 2012, a default judgment was entered against Wilson for failure to file an answer to the complaint. The total amount of the default judgment was $372,205.19. Nicholas took no further action related to the judgment until February 2022. On February 20, 2022, Nicholas filed an ex parte motion to

---

[1] *Nicholas v Wilson*, unpublished order of the Court of Appeals, entered May 11, 2023 (Docket No. 364242).

renew the judgment, alleging that he had received no payments on the judgment since its entry in April 2012.

On March 18, 2022, the trial court issued a subpoena, ordering Wilson to appear and produce evidence of his assets. Inexplicably, Nicholas's ex parte motion to renew the judgment, filed on February 20, 2022, was not entered in the register of actions until April 5, 2022, 15 days before the default judgment was set to expire on April 20, 2022. But even after the motion was entered in the register of actions, the trial court took no action to grant Nicholas's motion.

On May 12, 2022, Wilson moved to quash the subpoena, contending that the judgment was not timely renewed; therefore, it was no longer enforceable. Accordingly, the subpoena was invalid and unenforceable. The trial court, presumably realizing the error, granted Nicholas's ex parte motion to renew the judgment on May 23, 2022, *nunc pro tunc*. The order retroactively took effect on April 5, 2022, the day the ex parte motion had been entered into the register of actions.

Wilson moved to set aside the *nunc pro tunc* order, or, alternatively, to stay proceedings pending appeal. He argued that the trial court simply lacked the authority to enter the order. Wilson maintained that a *nunc pro tunc* order may only be used to supply an omission of action previously taken but not recorded, not to supply the omitted action. In response, Nicholas argued that *nunc pro tunc* was an appropriate mechanism for entry of the trial court's order and that the court also had the authority to remedy errors arising from its own oversight or omission under MCR 2.612(A)(1) (clerical mistakes). Nicholas contended that he should not be left without a remedy when he submitted the ex parte motion two months before the default judgment expired.

The trial court heard oral arguments on Wilson's motion on June 17, 2022. The court found that the reasons or bases asserted by Nicholas in response to Wilson's motion were correct, which necessarily would have included Nicholas's argument under MCR 2.612(A). The trial court opined that Nicholas had not failed in any respect in his filings. The court concluded that renewing a judgment under MCL 600.2903 is simply a ministerial act. And it explained that it had the authority to effectuate ministerial acts "when they should have occurred." The trial court believed that giving retroactive effect to its order renewing the judgment would not divest Wilson of his rights; rather, not doing so would result in a divesture of Nicholas's rights. The court also ruled that MCR 2.613(A) provided it with the authority to retroactively renew the default judgment because failing to do so would result in a substantial injustice. The trial court further stated that Nicholas's procedural and substantive due process rights would be violated if it did not retroactively renew the judgment. Finally, the court referred to a Supreme Court, COVID-related administrative order extending filing deadlines, suggesting that the administrative order supported its ruling. The trial court entered an order denying Wilson's motion to set aside the *nunc pro tunc* order for the reasons stated on the record. The court also denied Wilson's motion to quash the subpoena because it was now moot. The trial court subsequently denied Wilson's motion for reconsideration, concluding that it did not make a palpable error. This Court granted Wilson's application for leave to appeal.

## II. ANALYSIS

On appeal, Wilson argues that the trial court erred by entering the *nunc pro tunc* order because there is no authority for a court to enter such an order under the circumstances presented;

therefore, this Court should reverse the trial court's order denying Wilson's motion to set aside the *nunc pro tunc* order.

## A. STANDARD OF REVIEW

"We review de novo whether a judicial decision should apply retroactively, whether a statute of limitations bars a claim, and questions of statutory interpretation." *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 570-571; 703 NW2d 115 (2005). We also review de novo the interpretation and application of statutes and court rules. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "De novo review means that we do not extend any deference to the trial court." *In re Ott*, 344 Mich App 723, 735; 2 NW3d 120 (2022). "An exercise of the court's inherent power may be disturbed only upon a finding that there has been a clear abuse of discretion." *Colen v Colen*, 331 Mich App 295, 304; 952 NW2d 558 (2020) (quotation marks and citation omitted). A trial court abuses its discretion when its ruling falls outside the range of reasonable and principled outcomes. *Id.*

## B. DISCUSSION AND RESOLUTION

We initially note that Wilson fails to address and assail the trial court's reliance on MCR 2.613(A), MCR 2.612(A)(1),[2] due-process principles, and a Supreme Court administrative order.[3] Regardless whether any of those authorities actually provides valid legal support for the trial court's ruling, "[w]hen an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant." *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015). For that reason alone, Wilson's appeal fails.

"[T]he period of limitations is 10 years for *an action* founded upon a judgment or decree rendered in a court of record of this state . . . from the time of the rendition of the judgment or decree." MCL 600.5809(3) (emphasis added). MCL 600.2903 provides:

> Any judgment in tort heretofore or hereafter rendered and of record in any court of record in this state may be sued on and renewed, within the time and as provided by law, and such renewal judgment or judgments, when obtained, shall likewise be in tort and have the same attributes as the original tort judgment or judgments, with all the rights and remedies of tort judgments attaching thereto.

We need not explore the law regarding whether the trial court had the authority to enter the *nunc pro tunc* order because binding caselaw provides that Nicholas's filing of the ex parte motion to renew the judgment constituted "an action" under MCL 600.5809(3) and effectively resulted in

---

[2] MCR 2.612(A)(1) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party and after notice, if the court orders it."

[3] We note that on appeal, Nicholas raises an argument under MCL 600.2301, which provides, in pertinent part, that "[t]he court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties."

a renewal of the judgment for purposes of MCL 600.2903.[4]  In *Van Reken v Darden, Neef & Heitsch*, 259 Mich App 454, 458; 674 NW2d 731 (2003), this Court, construing MCL 600.5809(3) and MCL 600.2903, ruled that "plaintiff's ex parte motion to modify and extend the judgment, an ex parte action, constituted 'an action' under MCL 600.5809(3) that was sufficient to renew the judgment."  This Court elaborated:

> Taking the plain meaning of the phrase "an action," we find that in MCL 600.5809(3) the Legislature clearly intended actions beyond just civil complaints to extend or renew a judgment. The phrase "an action" is broader than the phrase "civil action," which reveals the Legislature's intent to allow actions beyond a civil complaint to extend a judgment pursuant to MCL 600.5809(3). . . . Thus, the remaining question is whether plaintiff's ex parte motion constitutes "an action" for the purposes of MCL 600.5809(3). We find that plaintiff's ex parte motion, as an ex parte action, constitutes an action sufficient to extend the judgment.
>
> * * *
>
> We find that plaintiff's ex parte motion constituted an assertion of a right through a judicial proceeding and, thus, was sufficient to be considered "an action" under MCL 600.5809(3). There was an ex parte motion and an order on that motion within the applicable time period provided to renew the judgment.  [*Van Reken*, 259 Mich App at 460-461 (citations omitted).]

Although in *Van Reken* the order granting the ex parte motion was entered within the 10-year period, the analysis and reasoning by the panel made patently clear that the filing of the ex parte motion in and of itself constituted an action under MCL 600.5809(3), thereby extending or renewing the underlying judgment.  In this case, when Nicholas filed his ex parte motion to renew the default judgment on February 20, 2022, he pursued an "action" on the judgment under MCL 600.5809(3), effectively extending or renewing the judgment.[5]  Accordingly, we affirm the trial

---

[4] We do note that in *Kern v Sample*, 233 Mich 140, 142; 206 NW 532 (1925), our Supreme Court observed:

> What is a *nunc pro tunc* order? . . . It is an entry made now of something which was actually previously done, to have effect as of the former date. In the instant case no order had been made on the 24th day of June, and when that date was passed it was too late to make the order.  [Quotation marks and citations omitted.]

It does seem fairly clear that the doctrine would not apply under the circumstances that existed in this case.

[5] We also note, again, that the trial court issued a subpoena on March 18, 2022, for a debtor's examination, *which was expressly requested by Nicholas's attorney*, and this would likewise ostensibly constitute "an action" on the judgment under the reasoning in *Van Reken*.

court's ruling denying Wilson's motion to set aside the court's determination that the default judgment remains enforceable.[6]

We affirm. Having fully prevailed on appeal, Nicholas may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani

---

[6] This Court may affirm a trial court's decision when it reaches the right result albeit for different reasons. *Washburn v Michailoff*, 240 Mich App 669, 678 n 6; 613 NW2d 405 (2000).