TRENTADUE v BUCKLER AUTOMATIC LAWN
SPRINKLER COMPANY

Docket Nos. 252155, 252207, 252209. Submitted March 8, 2005, at
    Detroit. Decided March 24, 2005. Approved for publication May 5,
    2005, at 9:15 a.m.

Dayle Trentadue, as personal representative of the estate of Marga-
    rette F. Eby, deceased, brought a wrongful death action in the
    Genesee Circuit Court against Buckler Automatic Lawn Sprinkler
    Company (Buckler); Shirley and Lawrence W. Gorton (the Gor-
    tons); Jeffrey Gorton; Carl F. Bekofske, as personal representative
    of the estate of Ruth R. Mott, deceased; Victor Nyberg; Todd M.
    Bakos; and MFO Management Company (MFO). Eby had been
    murdered in a home owned by Ruth Mott, but the wrongful death
    action was not filed until Jeffrey Gorton was identified as the
    murderer sixteen years after the murder. The plaintiff alleged
    liability by Buckler and the Gortons as Jeffrey Gorton's employer,
    liability by Bekofske and MFO for failing to provide adequate
    security to Eby, liability by MFO employees Nyberg and Bakos,
    and respondeat superior liability by MFO as employer of Nyberg
    and Bakos. The court, Robert M. Ransom, J., granted summary
    disposition for Bekofske and MFO on the claim that they failed to
    provide adequate security, ruling that the claim was barred by the
    statute of limitations, but denied summary disposition in favor of
    the defendants with respect to the remaining claims. The plaintiff,
    Buckler, the Gortons, and MFO appealed by leave granted, and the
    appeals were consolidated.

    The Court of Appeals *held*:

    1. Under the discovery rule, a negligence claim does not accrue
    until the plaintiff discovers, or with the exercise of reasonable
    diligence should have discovered, an injury and a causal connec-
    tion between the plaintiff's injury and the defendant's breach of
    duty. The relationships of Buckler, the Gortons, Nyberg, and Bakos
    with Eby's killer could not be discovered until Jeffrey Gorton was
    determined to be the killer or until the means of access of Eby's
    killer to her residence was determined. In this case, the plaintiff
    knew of the injury and its cause, but did not know that anyone
    other than the killer had violated a duty to Eby until the

facts of the murder were uncovered sixteen years after the event. Until Jeffrey Gorton was implicated in the murder, there was no indication that Eby's killer was a stranger to her, so no causal connection between the murder and any breach of duty existed until the killer was found. The discovery rule applies to the breach of duty claims against Buckler, the Gortons, Nyberg, and Bakos, so, for those defendants, the court correctly denied the motions for summary disposition based on the statute of limitations.

2. The trial court erred in granting Bekofski and MFO summary disposition on the claim that they failed to provide adequate security. The discovery rule properly applies to that claim. The police had presumed that the killer was known to the decedent. Until Jeffrey Gorton was implicated in the murder, there was no indication that Eby's killer was a stranger to her, so no causal connection between the murder and any breach of duty existed until the killer was found.

3. Under the circumstances of this case, continuing discovery could provide a reasonable opportunity for the plaintiff to find or uncover factual support for the assertions that Nyberg and Bakos violated their duties to Eby, and, thus, that MFO was responsible under a theory of respondeat superior, if not because of employment, then because of some measure of control or direction over the manner or completion of the jobs they did. The trial court correctly determined that there is an issue of material fact concerning the claim and it properly denied summary disposition.

Affirmed in part, reversed in part, and remanded for further proceedings.

NEGLIGENCE — STATUTES OF LIMITATIONS — ACCRUAL OF CLAIMS — DISCOVERY RULE.

Under the discovery rule, a negligence claim does not accrue, and the period of limitations does not begin to run, until the plaintiff discovers, or with the exercise of reasonable diligence should have discovered, an injury and a causal connection between the plaintiff's injury and the defendant's breach of duty.

*Cox, Hodgman & Giarmarco, P.C.* (by *David A. Binkley, Elise V. Iafrate,* and *Tonie M. Franzese*), for Dayle Trentadue.

*Gault Davison, P.C.* (by *Edward B. Davison*), for Shirley and Laurence Gorton.

*Garan Lucow Miller, P.C.* (by *Joseph Kochis* and *Robert D. Goldstein*), for Carl F. Bekofske.

*Bodman, Longley & Dahling LLP* (by *Charles S. Hegarty* and *Christine E. Ficks*) for Todd M. Bakos and S. Victor Nyberg.

*Law Offices of Catherine A. Gofrank* (by *Thomas M. Douglas*) for MFO Management.

Before: OWENS, P.J., and SAWYER and WHITE, JJ.

PER CURIAM. Plaintiff Dayle Trentadue, as personal representative of the estate of Margarette F. Eby, deceased, appeals by leave granted the order granting defendants Carl L. Bekofske, as personal representative of the estate of Ruth R. Mott, deceased (Mott),[1] and MFO Management Company (MFO) summary disposition on plaintiff's claim pertaining to their breach of duty to provide adequate security to Margarette F. Eby (Eby), on the ground that it was barred by the applicable statute of limitations in this wrongful death action. Defendant Buckler Automatic Lawn Sprinkler Company (Buckler) and defendants Shirley Gorton and Laurence W. Gorton (the Gortons) appeal by leave granted the order denying their motion for summary disposition based on the applicable statutes of limitations on all plaintiff's claims. MFO appeals by leave granted the order denying its motion for summary disposition on plaintiff's breach of duty claim under a theory of respondeat superior. We affirm in part, reverse in part, and remand.

---

[1] Plaintiff's claims against Mott were voluntarily settled during the pendency of this appeal. Unpublished order of the Court of Appeals, entered May 11, 2004 (Docket No. 252155).

Defendants assert that plaintiff's claims are barred by MCL 600.5805(10). Buckler and the Gortons assert that all plaintiff's claims should be precluded because MCL 600.5827 states that a claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." They contend that the time of the wrong that initiated the running of the limitations period was the date plaintiff's injury resulted from a breach of duty. *Lemmerman v Fealk,* 449 Mich 56, 64; 534 NW2d 695 (1995), citing *Larson v Johns-Manville Sales Corp,* 427 Mich 301, 309; 399 NW2d 1 (1986). Defendants contend the discovery rule is not available to plaintiff because the date of accrual is not delayed until discovery of the identity of the perpetrator or determination of all possible causes of action. Plaintiff argues that the discovery rule should apply because, until Jeffrey Gorton's culpability for Eby's murder was discovered, there was no basis to assert breach of duty claims against Mott and MFO. Plaintiff asserts that, without the identity of Eby's murderer, there was no basis to assert any type of claim against the remaining defendants, Buckler, the Gortons, Nyberg, and Bakos, because their culpability was solely based on their specific job responsibilities or employment relationship to the murderer, Jeffrey Gorton.

A trial court's ruling on motions for summary disposition is reviewed de novo. *Hazle v Ford Motor Co,* 464 Mich 456, 461; 628 NW2d 515 (2001). When there is no disputed issue of fact, the question whether a statute of limitations bars a cause of action is also reviewed de novo. *Van Reken v Darden, Neef & Heitsch,* 259 Mich App 454, 456; 674 NW2d 731 (2003).

Our Supreme Court has recognized the dichotomy that exists between the need to protect defendants from

stale claims and the injustice that could result from precluding certain claims by requiring application of a discovery rule to toll limitations periods in certain situations. A discovery rule has been applied to avoid unjust results that could occur when a reasonable and diligent plaintiff would be denied the opportunity to bring a claim because of either the latent nature of the injury or the inability of the plaintiff to learn of or identify the causal connection between the injury and the breach of a duty owed by a defendant. Specifically:

> Where the discovery rule is found to be appropriate, a "plaintiff's claim accrues when the plaintiff discovers, or through the exercise of reasonable diligence, should have discovered . . . (1) an injury, and (2) the causal connection between plaintiff's injury and the defendant's breach [of duty to the plaintiff]." [*Lemmerman, supra,* p 66, quoting *Moll v Abbott Laboratories,* 444 Mich 1, 16; 506 NW2d 816 (1993).]

The discovery rule has been deemed applicable

> "[b]ecause statutes of limitation do not evidence a legislative intent to extinguish a cause of action before the plaintiff is aware of the possible cause of action . . . ." [*Lemmerman, supra,* p 66, quoting *Chase v Sabin,* 445 Mich 190, 196; 516 NW2d 60 (1994).]

When the discovery rule has been applied, it has involved a weighing of the need to protect defendants from the harms intended to be prevented by statutes of limitations against the benefit to a plaintiff afforded by application of the rule. *Goodridge v Ypsilanti Twp Bd,* 451 Mich 446, 454-455; 547 NW2d 668 (1996). The balancing of these competing interests

> is facilitated where there is objective evidence of injury and causal connection guarding against the danger of stale claims and a verifiable basis for the plaintiffs' inability to

bring their claims within the statutorily proscribed limitation period. [*Lemmerman, supra,* pp 66-67.]

When the discovery rule is applicable, a claim does not accrue until the plaintiff discovers, or with the exercise of reasonable diligence should have discovered, (1) an injury and (2) a causal connection between the plaintiff's injury and the defendant's breach of duty. *Jackson Co Hog Producers v Consumers Power Co,* 234 Mich App 72, 78; 592 NW2d 112 (1999), citing *Lemmerman, supra,* p 66. "The test applied [to determine] when a cause of action accrued is an objective one, based on objective facts, and not on what a particular plaintiff subjectively believed." *Jackson Co Hog Producers, supra.* Pursuant to the discovery rule, a limitations period begins to run if a plaintiff is aware that there is a "possible cause of action" i.e., when a plaintiff "is aware of an injury and its possible cause." *Moll, supra,* pp 23-24. It is not necessary that a plaintiff be capable of proving each element of a cause of action before the limitations period begins to run. *Jackson Co Hog Producers, supra,* p 78.

The discovery rule applies when an element of a cause of action has occurred but is undiscoverable using reasonable diligence for a time. *Doe v Roman Catholic Archbishop of the Archdiocese of Detroit,* 264 Mich App 632, 640; 692 NW2d 398 (2004), citing *Travelers Ins Co v Guardian Alarm Co of Michigan,* 231 Mich App 473, 479-480; 586 NW2d 760 (1998). With respect to plaintiff's claims against Buckler, the Gortons, Nyberg, and Bakos, the relationship of Buckler, the Gortons, Nyberg, and Bakos with Eby's killer could not be discovered by plaintiff, under the circumstances of this case, until Jeffrey Gorton was determined to be the killer or the means of access of Eby's killer into her residence was determined. Thus, plaintiff was not aware of a possible cause of action until that time. We reject defen-

dants' argument that the discovery rule is inapplicable because this is simply a case of unknown identity, and the courts have consistently held that the rule is inapplicable in such cases. This is not a case in which plaintiff knew of an injury and its cause, but did not know the identity of the actor. Plaintiff knew that Eby was murdered, but did not know that anyone had caused Eby harm other than the killer. Plaintiff could not have known of a cause of action against anyone in Buckler's, the Gortons', Nyberg's, or Bako's positions until the facts of the murder were uncovered.

As noted by our Supreme Court in addressing cases involving repressed memory of assault:

> In those instances in which we have applied the common-law discovery rule to extend the statute of limitations, the dispute between parties has been based on evaluation of a factual, tangible consequence of action by the defendant, measured against an objective external standard. The presence of this external standard addresses the concern for reliable fact finding that is the underlying rationale for precluding untimely claims. [*Lemmerman, supra,* p 68.]

Plaintiff's claims against Buckler, the Gortons, Nyberg, and Bakos are neither speculative nor incapable of proof. Records pertaining to Jeffrey Gorton's employment, his prior criminal history, fingerprint and DNA evidence placing him within Eby's residence, and records verifying ties involving Buckler with access to the gatehouse by Nyberg and Bakos within days of the murder all constitute objective and verifiable evidence to support application of the discovery rule. Thus, the discovery rule applied to plaintiff's claims against Buckler, the Gortons, Nyberg, Bakos, and Jeffrey Gorton.[2]

---

[2] Citing *Stephens v Dixon,* 449 Mich 531; 536 NW2d 755 (1995), *McCluskey v Womack,* 188 Mich App 465, 472-473; 470 NW2d 443 (1991),

With respect to plaintiff's negligence cause of action against Mott and MFO, negligence is composed of (a) a duty, (2) breach of the duty, (3) causation, and (4) damages. *Haliw v Sterling Hts,* 464 Mich 297, 304; 627 NW2d 581 (2001). Although, at the time of the murder, plaintiff was aware of a duty owed to Eby by either Mott or MFO and of damages, plaintiff was unaware of any causal connection. The police theorized that a personal relationship existed between Eby and her killer because there was no sign of forced entry. This was an objective theory grounded in objective facts; thus, plaintiff's inability to recognize a possible cause of action was not merely a result of plaintiff's subjective beliefs. *Jackson Co Hog Producers, supra,* p 78. Until Jeffrey Gorton was implicated in the murder, there was no indication that Eby's killer was a stranger and, even with the exercise of reasonable diligence on the part of the police department, there was no causal connection between Eby's murder and any breach of duty by Mott or MFO. See *Lemmerman, supra,* p 66, quoting *Moll, supra,* p 16. Therefore, the court should have determined that the discovery rule applied instead of improperly granting

and *Eschenbacher v Hier,* 363 Mich 676, 682; 110 NW2d 731 (1961), the trial court rejected plaintiff's argument that the discovery rule applied. We note that *McCluskey, supra,* and *Eschenbacher, supra,* pp 679-683, dealt with whether statutes of limitations were tolled by fraudulent concealment, not whether the discovery rule prevented the periods of limitations from accruing. See *Moll v Abbott Laboratories,* 444 Mich 1, 16; 506 NW2d 816 (1993). And the holding in *Stephens, supra,* p 537, that "the discovery rule is not available in a case of ordinary negligence where a plaintiff merely misjudges the severity of a known injury," is not applicable to the facts of this case. Moreover, although the trial court "rejected" plaintiff's argument with respect to the discovery rule, citing *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972), the court nevertheless applied the discovery rule to all plaintiff's claims to determine whether and when each claim accrued. See *Stephens, supra,* p 538, quoting *Connelly, supra,* p 151.

summary disposition to Mott and MFO. *Doe, supra,* p 640, citing *Travelers Ins Co, supra,* pp 479-480.[3]

Finally, MFO contends the trial court erred in denying its motion for summary disposition pertaining to plaintiff's assertion of MFO's liability for the actions of Nyberg and Bakos under the doctrine of respondent superior. MFO notes that in seeking summary disposition, it provided the trial court with documentary evidence that neither Nyberg nor Bakos was an employee of MFO. MFO contends the court improperly denied it summary disposition when plaintiff failed to present any documentary evidence contradicting or disputing MFO's employment relationship with Nyberg and Bakos at the time of the motion.

It is well-recognized that a party opposing a summary disposition motion under MCR 2.116(C)(10) has the burden of demonstrating by evidentiary materials or documents that a genuine issue of disputed fact exists. *Smith v Globe Life Ins Co,* 460 Mich 446, 455; 597 NW2d 28 (1999). The nonmoving party may not rest upon mere allegations or denials, but must come forward with documentary evidence demonstrating the existence of a genuine issue of material fact for trial. *Karbel v Comerica Bank,* 247 Mich App 90, 97; 635 NW2d 69 (2001). The mere promise to provide factual support at trial is not sufficient. *Maiden v Rozwood,* 461

---

[3] Buckler and the Gortons also contend that accrual of the claims and the running of the period of limitations with regard to Mott and MFO requires accrual of all claims at the same time. Our determination with respect to plaintiff's claim against Mott and MFO renders this issue moot. Moreover, the cases cited in support their argument are distinguishable because they involve accrual of the same "claim," such as medical malpractice, to multiple defendants. In this instance, the claims that accrued against Buckler and the Gortons, while arising from the same incident, involved duties and legal obligations owed to Eby different from those owed by MFO and Mott.

Mich 109, 121; 597 NW2d 817 (1999). However, courts are liberal in finding a genuine issue of material fact. *Lash v Allstate Ins Co,* 210 Mich App 98, 101; 532 NW2d 869 (1995).

Plaintiff contends that the trial court's ruling was correct as discovery had not been completed. Plaintiff asserts that even if MFO were correct that Nyberg and Bakos were not its direct employees, plaintiff was still entitled to a denial of the motion for summary disposition as further factual development, through discovery, could demonstrate that MFO asserted some means of control or direction over the manner or completion of the job responsibilities of Nyberg and Bakos such that MFO should be held liable. " 'Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete.' " *Stringwell v Ann Arbor Pub School Dist,* 262 Mich App 709, 714; 686 NW2d 825 (2004), quoting *Peterson Novelties, Inc v City of Berkley,* 259 Mich App 1, 24-25; 672 NW2d 351 (2003). Summary disposition may ultimately be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position. *Peterson Novelties, Inc, supra,* p 25. However, under the circumstances of this case, continuing discovery could provide a reasonable opportunity to find or uncover factual support for plaintiff's assertions. Therefore, the trial court's ruling denying summary disposition to MFO was not in error.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.