TEUFEL v WATKINS

Docket No. 252212. Submitted April 13, 2005, at Detroit. Decided May 10, 2005. Approved for publication July 19, 2005, at 9:10 a.m.

George Teufel brought a premises liability action in the Oakland Circuit Court against Olie Watkins and the Springs Apartments, an assumed name of the Oakland Development Limited Partnership. The plaintiff had slipped and fallen on ice in the parking lot of the Springs Apartments, where he was a lessee. Watkins had contracted with the Springs Apartments to provide snowplowing services. The court, John J. McDonald, J., granted the Springs Apartments summary disposition after determining that the icy condition was open and obvious. The court also granted Watkins summary disposition on the plaintiff's claim of negligent performance of duties under the snow removal contract. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err by finding that the condition was open and obvious. A possessor of land has a duty to exercise reasonable care to protect an invitee from any unreasonable risk of harm caused by a dangerous condition on the land. That duty does not extend to a condition that is so open and obvious that the invitee could be expected to discover it. As a general rule, absent special circumstances, the hazards presented by snow and ice are open and obvious. The danger presented by snow-covered ice is open and obvious where the plaintiff knew of, and under the circumstances an average person with ordinary intelligence would have been able to discover, the condition and the risk it presented. The plaintiff conceded that he was aware of the existence of the snowpile in the parking lot and that it was an open and obvious condition. A reasonably prudent person with ordinary intelligence would have anticipated that ice and snow would be present at the bottom of a snowbank and would have been able to perceive and foresee the danger of the ice on the other side of the snowpile that the plaintiff encountered. Thus, the plaintiff failed to establish that the Springs Apartments breached any duty owed to him. Further, the plaintiff failed to demonstrate the existence of any special aspects that made the condition unreasonably dangerous in

spite of its open and obvious nature. The danger was not unavoidable. The plaintiff could have parked his car elsewhere in the lot, as an alternative.

2. The lessor's duty under MCL 554.139 to keep its premises in reasonable repair and fit for its intended use does not extend to snow and ice removal. Accumulation of snow and ice is not a defect in the premises.

3. The trial court did not err by granting summary disposition to Watkins. Watkins contracted with the Springs Apartments to remove snow and ice, and did not owe a duty to the plaintiff that was separate and distinct from his contractual obligations. If no independent duty exists, there can be no tort action based on contract.

Affirmed.

*Asker, Clos & Perlmuter, P.C.* (by *Kevin S. Oliver* and *Shannon L. Wirth*), for George Teufel.

*Garan Lucow Miller, P.C.* (by *Megan K. Cavanagh*), for Olie Watkins.

*Kudla & McLeod* (by *MaryEllen McLeod* and *Donald J. Trybus*) for the Springs Apartments.

Before: SAAD, P.J., and FITZGERALD and SMOLENSKI, JJ.

PER CURIAM. Plaintiff appeals as of right orders granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendants in this premises liability action. We affirm.

Plaintiff slipped and fell on ice in the parking lot of his apartment complex. Defendant Springs Apartments (Springs) owns the premises. Defendant Olie Watkins contracted with Springs to provide snowplowing services. Plaintiff argues that the trial court erred by granting Springs' motion for summary disposition on the basis of its finding that the condition that plaintiff encountered was open and obvious.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Dressel v Ameribank,*

468 Mich 557, 561; 664 NW2d 151 (2003). In considering a motion pursuant to MCR 2.116(C)(10), a court considers affidavits, pleadings, depositions, admissions and other documentary evidence submitted by the parties in a light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed,* 470 Mich 274, 278; 681 NW2d 342 (2004). If the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood,* 461 Mich 109, 120; 597 NW2d 817 (1999).

To establish a prima facie case of negligence, a plaintiff must prove (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of the duty caused the plaintiff's injuries, and (4) that the plaintiff suffered damages. *Case v Consumers Power Co,* 463 Mich 1, 6; 615 NW2d 17 (2000); *Jones v Enertel, Inc,* 254 Mich App 432, 436-437; 656 NW2d 870 (2002). A possessor of land has a duty to exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the land. The duty to protect an invitee does not extend to a condition from which an unreasonable risk of harm cannot be anticipated, or from a condition that is so open and obvious that an invitee could be expected to discover it. *Bertrand v Alan Ford, Inc,* 449 Mich 606, 609-610; 537 NW2d 185 (1995).

The open and obvious danger doctrine is a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case. *Id.* at 612. Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered the danger on casual inspection. *Novotney v Burger King Corp (On Remand),* 198 Mich App 470, 474-475;

499 NW2d .379 (1993). If special aspects of a condition make even an open and obvious risk unreasonably dangerous, a possessor of land must take reasonable precautions to protect an invitee from that risk. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001). But where no such special aspects exist, the "openness and obviousness should prevail in barring liability." *Id*. at 517-518.

As a general rule, and absent special circumstances, the hazards presented by snow and ice are open and obvious, and do not impose a duty on the property owner to warn of or remove the hazard. *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 5-6, 8; 649 NW2d 392 (2002). The danger presented by snow-covered ice is open and obvious where the plaintiff knew of, and under the circumstances an average person with ordinary intelligence would have been able to discover, the condition and the risk it presented. *Mann v Shusteric Enterprises, Inc*, 470 Mich 320, 329-330; 683 NW2d 573 (2004); *Joyce v Rubin*, 249 Mich App 231, 239; 642 NW2d 360 (2002). Here, plaintiff testified that he fell on ice that was obstructed by a snowpile. He concedes that he was aware of the existence of the snowpile and that it was an open and obvious condition, but he asserts that the ice he encountered on the other side of the snowpile was obstructed and therefore not open and obvious. We disagree. Even when viewing the evidence in the light most favorable to plaintiff, the evidence demonstrates that a reasonably prudent person with ordinary intelligence would have anticipated that ice and snow would be present at the bottom of a snowbank and would have been able to perceive and foresee the danger of the ice on the other side of the snowpile. For these reasons, the trial court did not err by finding that the condition encountered by plaintiff was open and obvious. Thus,

plaintiff failed to establish that Springs breached any duty owed to him. Further, plaintiff failed to demonstrate the existence of any special aspects that made the condition unreasonably dangerous in spite of its open and obvious nature. Contrary to plaintiff's assertion, the danger presented by the presence of snow and ice in the area where he fell was not unavoidable. Plaintiff testified that there might have been other parking spots available without any snow and farther away from his apartment. He also testified that he did not look for another spot without snow and he took the spot that was both available and closest to his apartment. Therefore, plaintiff had a reasonable alternative available to him: he could have parked somewhere else. The condition here is not the type of unavoidable condition contemplated by our Supreme Court in *Lugo*. The trial court properly granted summary disposition to Springs.[1]

Plaintiff also contends that the trial court erred by granting summary disposition in favor of Watkins on plaintiff's claim of negligent performance of duties under the snow removal contract.

In *Fultz v Union-Commerce Assoc,* 470 Mich 460, 467; 683 NW2d 587 (2004), our Supreme Court held that, "in determining whether a negligence action based on a contract and brought by a third party to the contract may lie," the "threshold question is whether the defendant owed a duty to the plaintiff that is

---

[1] Plaintiff also argues that the trial court erred when it failed to address his argument that Springs had a statutory duty under MCL 554.139 to keep its premises and common areas in reasonable repair and fit for their intended uses, which negates the defense of open and obvious danger. Any error in the trial court's failure to address this argument is harmless. The plain meaning of "reasonable repair" as used in MCL 554.139(1)(b) requires repair of a defect in the premises. Accumulation of snow and ice is not a defect in the premises. Thus, a lessor's duty under MCL 554.139(1)(a) and (b) to keep its premises in reasonable repair and fit for its intended use does not extend to snow and ice removal.

separate and distinct from the defendant's contractual obligations."[2] If no independent duty exists, there can be no tort action based on contract. *Id.* Accordingly, Watkins contracted with Springs to remove snow and ice; he owed no duty to plaintiff that was separate and distinct from his contractual obligations. Therefore, the trial court did not err by granting summary disposition to Watkins.

Affirmed.

---

[2] *Fultz* noted that, in previous decisions, the Supreme Court and the Court of Appeals "have defined a tort action stemming from misfeasance of a contractual obligation as the 'violation of a legal duty separate and distinct from the contractual obligation.' " *Id.*, quoting *Rinaldo's Constr Corp v Michigan Bell Tel Co,* 454 Mich 65, 84; 559 NW2d 647 (1997). The Court accepted this definition, and concluded that

> the "separate and distinct" definition of misfeasance offers better guidance in determining whether a negligence action based on a contract and brought by a third party to that contract may lie because it focuses on the threshold question of duty in a negligence claim. As there can be no breach of a nonexistent duty, the former misfeasance/nonfeasance inquiry in a negligence case is defective because it improperly focuses on whether a duty was breached instead of whether a duty exists at all.
>
> Accordingly, the lower courts should analyze tort actions based on contract and brought by a plaintiff who is not a party to that contract by using a "separate and distinct" mode of analysis. Specifically, the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie.
>
> Applying that analysis here, the Court of Appeals erred in affirming the jury verdict and in holding that "evidence suggested that [the defendant] engaged in misfeasance distinct from any breach of contract." [*Fultz, supra* at 467-468.]