ALLISON v AEW CAPITAL MANAGEMENT, LLP
(ON RECONSIDERATION)

Docket No. 269021. Submitted August 29, 2006, at Detroit. Decided March 15, 2007, at 9:00 a.m. Leave to appeal sought.

Irving Allison brought an action in the Oakland Circuit Court against his landlord, AEW Capital Management, L.L.P., after he slipped and fell on an accumulation of ice and snow in the parking lot of his apartment building. AEW moved for summary disposition, arguing that the plaintiff's common-law claims were barred by the open and obvious danger doctrine and that MCL 554.139(1), which concerns a landlord's statutory duties to keep its premises and common areas in reasonable repair and fit for their intended uses, does not apply to natural accumulations of ice and snow. The court, Gene Schnelz, J., granted the motion. The pleadings were amended to substitute Village Green Management Company and BFMSIT II as the defendants. The plaintiff appealed. The Court of Appeals initially issued an opinion on November 28, 2006, affirming the grant of summary disposition, concluding that it was bound by the decision in *Teufel v Watkins*, 267 Mich App 425 (2005). The panel declared a conflict between this case and *Teufel*, but in an order entered December 21, 2006, the Court of Appeals declined to convene a special panel. The plaintiff moved for reconsideration, and in an unpublished order entered January 19, 2007, the Court of Appeals granted the motion and vacated the prior opinion.

On reconsideration, the Court of Appeals *held*:

The trial court's grant of summary disposition must be reversed. The outcome of this case is controlled by *Benton v Dart Properties, Inc*, 270 Mich App 437 (2006), rather than *Teufel*. While *Teufel* held that a landlord's duty to remove ice and snow from a parking lot in an apartment complex is not governed by MCL 554.139(1), and therefore that the open and obvious danger doctrine bars a plaintiff's claim in those circumstances, the *Teufel* decision was legally flawed. It ignored the holding of *O'Donnell v Garasic*, 259 Mich App 569 (2003), that a landlord may not use the open and obvious danger doctrine to avoid liability when a landlord has statutory duties under MCL 554.139(1). *Teufel* also

reached its holding concerning MCL 554.139(1) in a conclusory fashion, with little or no analysis of the separate provisions of the statute. Because it is clear that the *Teufel* panel did not intend to create a rule of law regarding the open and obvious danger doctrine, the Court of Appeals is not bound to follow its decision. *Benton* held that sidewalks in an apartment complex are common areas, which a landlord must maintain under MCL 554.139(1)(a) in a condition fit for their intended use. Like the sidewalks considered in *Benton*, a parking lot in an apartment complex is also a common area for purposes of MCL 554.139(1)(a). It is located within the parameters of the apartment complex and must be maintained by the landlord or someone in the landlord's employ. In addition to parking, an intended use of a parking lot is walking on it, because tenants must do so to reach their cars and apartments. A parking lot covered with ice is not fit for this purpose, and a landlord has a duty to keep it free of ice.

Reversed.

NEGLIGENCE — PREMISES LIABILITY — LANDLORD AND TENANT — OPEN AND OBVIOUS DANGERS — PARKING LOTS.

A parking lot located within an apartment complex is a common area that the landlord has a statutory duty to maintain in a condition fit for its intended use; a parking lot covered with ice is not fit for the intended use of tenants walking on it in order to reach their vehicles and apartments, and the landlord cannot use the open and obvious danger doctrine to circumvent its statutory duty (MCL 554.139[1][a]).

*Mindell, Malin & Kutinsky* (by *Brian A. Kutinsky*) for Irving Allison.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Edward M. Turfe*), for Village Green Management Company and BFMSIT II.

ON RECONSIDERATION

Before: BORRELLO, P.J., and JANSEN and COOPER, JJ.

BORRELLO, P.J. On November 28, 2006, we issued our original opinion in this case, affirming the trial court's grant of summary disposition in favor of defendants

and declaring a conflict between this case and *Teufel v Watkins*, 267 Mich App 425; 705 NW2d 164 (2005). On December 21, 2006, this Court decided that a special panel would not be convened pursuant to MCR 7.215(J) to resolve the conflict identified in our original opinion. Plaintiff moved for reconsideration, and we granted the motion and vacated our original opinion.[1] On reconsideration, we reverse the trial court's grant of summary disposition.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff was a tenant of an apartment building. He slipped and fell on an accumulation of snow and ice as he attempted to reach his car in the parking lot. Although the location of the fall was not clearly specified during plaintiff's deposition, he acknowledges that his fall occurred in the parking lot, rather than on the sidewalk. Plaintiff brought this action against defendant AEW Capital Management (AEW), alleging, among other things, that AEW had breached its common-law duty to protect and warn plaintiff and its statutory duties as a landlord under MCL 554.139(1).

AEW moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that plaintiff's common-law claims were barred because the danger was open and obvious. It further argued that plaintiff could not rely on MCL 554.139(1) because the statute does not apply to natural accumulations of snow and ice. The trial court granted AEW's motion. The pleadings were amended to substitute defendants Village Green Management Company and BFMSIT II for AEW.

---

[1] *Allison v AEW Capital Mgt, LLP*, unpublished order of the Court of Appeals, entered January 19, 2007 (Docket No. 269021).

II. ANALYSIS

On appeal, plaintiff argues that the open and obvious danger doctrine does not bar his claim that defendants violated the statutory duties imposed by MCL 554.139(1). MCL 554.139 provides, in relevant part:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused the tenants [sic] wilful or irresponsible conduct or lack of conduct.

\* \* \*

(3) The provisions of this section *shall be liberally construed* . . . . [Emphasis added.]

Plaintiff invites this Court to extend the holding in *Benton v Dart Properties Inc*, 270 Mich App 437; 715 NW2d 335 (2006), to parking lots and apply the reasoning of *Benton* to the facts of this case. In *Benton*, the plaintiff, a tenant in the defendant's apartment complex, slipped and fell on an icy sidewalk while he was walking from his apartment to a parking space in the apartment complex. *Id.* at 438-439. The plaintiff filed an action against the defendant, alleging that the defendant had violated its statutory duty to maintain common areas in a manner fit for their intended use, as required by MCL 554.139(1)(a). *Id.* at 439. This Court stated that while a landlord generally does not have a duty to protect an invitee from open and obvious

dangers, in light of *O'Donnell v Garasic*, 259 Mich App 569; 676 NW2d 213 (2003), the open and obvious danger doctrine is not available to deny liability when the defendant has a statutory duty to maintain the premises in reasonable repair. *Benton, supra* at 441. According to the Court, "if defendant breached its duties under MCL 554.139, defendant would be liable to plaintiff even if the ice on the sidewalk was open and obvious." *Id.* Therefore, we analyzed whether outdoor sidewalks in an apartment complex constitute common areas under MCL 554.139(1)(a).

We concluded that sidewalks constitute common areas under MCL 554.139(1)(a) because they are "located within the parameters of the apartment structure" and "are constructed and maintained by the landlord or those in the landlord's employ," because "all tenants who own and park their vehicles in the spaces allotted to them by their landlord rely on these sidewalks to access their vehicles and apartment buildings," and because "any person residing in an apartment complex must utilize the sidewalk provided by the landlord every time the tenant wishes to enter or exit his or her dwelling." *Id.* at 442-443. We further observed that a landlord has a duty to take reasonable measures to ensure that the sidewalks are fit for their intended use and that "[b]ecause the intended use of a sidewalk is walking on it, a sidewalk covered with ice is not fit for this purpose." *Id.* at 444. Therefore, we concluded that the open and obvious danger doctrine did not bar the plaintiff's claim against the defendant for violating its statutory obligation under MCL 554.139(1)(a). *Id.* at 445.

Defendant argues that this Court's decision in *Teufel* controls and that under *Teufel*, the trial court properly dismissed plaintiff's claims. Like the present case,

*Teufel* involved a plaintiff who fell on ice in the parking lot of an apartment complex. *Teufel, supra* at 426. This Court reasoned that the landlord's duty to remove snow and ice from the parking lot was not controlled by MCL 554.139(1) and therefore concluded, in a footnote, that the open and obvious danger doctrine barred the plaintiff's claim:

> Plaintiff also argues that the trial court erred when it failed to address his argument that [the defendant] had a statutory duty under MCL 554.139 to keep its premises and common areas in reasonable repair and fit for their intended uses, which negates the defense of open and obvious danger. Any error in the trial court's failure to address this argument is harmless. The plain meaning of "reasonable repair" as used in MCL 554.139(1)(b) requires repair of a defect in the premises. Accumulation of snow and ice is not a defect in the premises. Thus, a lessor's duty under MCL 554.139(1)(a) and (b) to keep its premises in reasonable repair and fit for its intended use does not extend to snow and ice removal. [*Id.* at 429 n 1.]

This Court's opinion in *Teufel* is legally flawed for two reasons. First, the footnote does not attempt to distinguish or even mention this Court's opinion in *O'Donnell*, which specifically held that a defendant cannot use the open and obvious danger doctrine to avoid liability when the defendant has statutory duties to maintain the premises under MCL 554.139(1)(a) and (b):

> The open and obvious danger doctrine is not available to deny liability to an injured invitee or licensee on leased or licensed residential premises when such premises present a material breach of the specific statutory duty imposed on owners of residential premises to maintain their premises in reasonable repair and in accordance with the health and safety laws, as provided in MCL 554.139(1)(a) and (b). [*O'Donnell, supra* at 581.]

For reasons that are inexplicable, the *Teufel* opinion completely ignored *O'Donnell* and failed to acknowledge or discuss the opinion at all. Second, the footnote in *Teufel* asserted in conclusory fashion that a landlord's "duty under MCL 554.139(1)(a) and (b) to keep its premises in reasonable repair and fit for its intended use does not extend to snow and ice removal" without conducting a separate analysis for MCL 554.139(1)(a) and MCL 554.139(1)(b), which impose separate and distinct duties on a landlord, to determine whether the landlord's duty extended to snow and ice removal. *Teufel, supra* at 429 n 1. This Court in *Teufel* concluded that "reasonable repair," as used in MCL 554.139(1)(b), requires repair of a defect in the premises and that the accumulation of snow and ice is not a defect in the premises. This Court then summarily extended its conclusions regarding MCL 554.139(1)(b) to MCL 554.139(1)(a) without any analysis whatsoever. To the extent that *Teufel* combined the duties imposed by MCL 554.139(1)(a) and MCL 554.139(1)(b) in rendering its conclusion, with very little analysis of MCL 554.139(1)(b) and no analysis of MCL 554.139(1)(a), its legal conclusions are flawed.

Despite our disagreement with the legal analysis in *Teufel*, we would be bound to follow it under MCR 7.215(J)(1) were it not for one fact. In *Teufel*, this Court's discussion of MCL 554.139(1)(a) and (b) appeared in a footnote to the opinion rather than in the body of the opinion. It is generally ill-advised for an opinion to render a holding in a footnote. Had our Court in *Teufel* intended to create a rule of law regarding the availability of the open and obvious danger doctrine when a landlord has statutory duties under MCL 554.139(1)(a) and (b), it would have done so in the body of the opinion rather than in a footnote. See *Guerra v Garratt*, 222 Mich App 285, 289-292; 564 NW2d 121

(1997) (holding that a footnote in the Supreme Court's opinion in *Lemmerman v Fealk*, 449 Mich 56; 534 NW2d 695 [1995], did not create an exception to the general holding of *Lemmerman* because the Supreme Court would have written such an exception in the text of the opinion and not merely in a footnote). Therefore, we conclude that *Teufel* did not create a rule of law regarding the availability of the open and obvious danger doctrine when a landlord has a statutory duty under MCL 554.139(1), and we are not bound to follow *Teufel* under MCR 7.215(J)(1).

We hold that this Court's decision in *Benton* is controlling in this case. In order to determine whether defendants can rely on the open and obvious danger doctrine to avoid liability, we must decide whether a parking lot is a common area under MCL 554.139(1)(a), which would trigger defendants' duty to keep the parking lot fit for the use intended by the parties. *Benton, supra* at 441-444. *Teufel* did not analyze whether a parking lot is a common area under MCL 554.139(1)(a) and therefore did not determine whether a landlord had a duty to keep it fit for the use intended, but *Benton* did analyze whether a sidewalk was a common area under the statute. Like the Court in *Benton*, we conclude that the parking lot in the instant case was a common area under MCL 554.139(1)(a). The parking lot, like the sidewalk in *Benton*, is located within the parameters of the apartment complex and must be maintained by the landlord or someone in the landlord's employ. In addition, tenants also must necessarily walk on the parking lot to get to their vehicles from their apartments and to get to their apartments from their vehicles. The intended use of a parking lot is to park cars and other motor vehicles; however, in order to access their vehicles and apartments, tenants must also necessarily walk on the parking lot. A second intended use of a

parking lot, therefore, is walking on it. A parking lot covered with ice is not fit for this purpose. See *Benton, supra* at 444. In extending the holding of *Benton* to a parking lot, we are mindful that the provisions of MCL 554.139 "shall be liberally construed . . . ." MCL 554.139(3). We therefore conclude that a parking lot, like a sidewalk, constitutes a common area under MCL 554.139(1)(a) and that defendant had a duty to keep the parking lot free from ice.

### III. CONCLUSION

The outcome of this case is controlled by our holding in *Benton* and not the footnote in *Teufel*. A parking lot is a common area under MCL 554.139(1)(a). We reverse the trial court's grant of summary disposition.

Reversed.