# Order

Michigan Supreme Court
Lansing, Michigan

November 7, 2008

134879

THERESA ROYCE and CARL ROYCE,
          Plaintiffs-Appellees,

v

CHATWELL CLUB APARTMENTS, a/k/a
TOBIN GROUP,
          Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134879
COA: 266682
Genesee CC: 04-080383-NO

By order of January 22, 2008, the application for leave to appeal the August 7, 2007 judgment of the Court of Appeals was held in abeyance pending the decision in *Allison v AEW Capital Mgmt, LLP* (Docket No. 133771).  On order of the Court, the case having been decided on June 25, 2008, 481 Mich 419 (2008), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.  Although the Court of Appeals relied on *Allison v AEW Capital Mgt, LLP (On Reconsideration),* 274 Mich App 663 (2007), and this Court subsequently reversed that decision in *Allison v AEW Capital Mgt, LLP,* 481 Mich 419 (2008), the Court of Appeals determination in the present case to remand for further proceedings because the trial court used a legally unsound basis for granting summary disposition to defendant with regard to MCL 554.139(1) is not in conflict with the reasoning set forth in this Court's opinion in *Allison.*  The trial court on remand must determine whether the defendant owed a duty to the plaintiff under MCL 554.139(1) on the basis of the evidence the plaintiff has presented in this case.

CORRIGAN, J. (*concurring.*)

I concur in the denial of leave to appeal so that the trial court can decide whether defendant is entitled to summary disposition under this Court's recent decision in *Allison v AEW Capital Mgt, LLP*, 481 Mich 419 (2008).  I write separately only to express continued adherence to my concurring opinion in *Allison.*  For the reasons expressed in that case, I continue to believe that the duty under MCL 554.139(1)(a) to keep the premises and common areas "fit for the use intended by the parties" extends only to

significant, structural defects in the property, not to transitory conditions such as snow and ice accumulations. *Id*. at 442.

CAVANAGH, J. (*concurring in result only.*)

I agree with the order denying defendant's application for leave to appeal. I disagree with the order, however, to the extent that it implies that defendant's duty is dependent on the evidence presented in this case. Defendant has a statutorily mandated duty to plaintiff to keep all common areas, including sidewalks and parking lots, in a condition that is "fit for the use intended by the parties." MCL 554.139(1)(a). The duty is not dependent on the evidence; rather, the trial court must review the evidence to determine whether defendant violated the statutory duty it owed to plaintiff.

KELLY, J., joins the statement of CAVANAGH, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 7, 2008

_Corbin R. Davis_
Clerk