# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHANIE BATTLE,

        Plaintiff-Appellant,

v

ANDERSON VILLAS LLC, and ERIE
INVESTMENTS LLC,

        Defendants-Appellees,

and

ANDERSON VILLAS MANAGEMENT CO.,
ANYL MANAGEMENT CO., and MMC OF
YPSILANTI,

        Defendants.

UNPUBLISHED
June 13, 2017

No. 332276
Washtenaw Circuit Court
LC No. 14-000748-NO

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

In this slip and fall action, plaintiff Stephanie Battle appeals as of right the trial court order granting summary disposition to defendants Anderson Villas LLC, and Erie Investments LLC[1] under MCR 2.116(C)(10), after finding that the icy patch upon which plaintiff slipped was open and obvious and not effectively unavoidable, and that the sidewalk was fit for its intended use under MCL 554.139(1)(a). We reverse and remand.

## I. BACKGROUND

Plaintiff suffered a fall at around 11:30 p.m. on February 25, 2014, outside of her home as she was walking to her car. In February 2014, plaintiff lived in Anderson Villas, an apartment complex with 302 ranch-style apartments, divided into 46 buildings. The entry door of plaintiff's apartment abutted a small walkway with grass on each side. Her walkway led to a

---

[1] Defendant MMC of Ypsilanti Inc. was voluntary dismissed on September 15, 2014. Defendants Anderson Villas Management Company and Anyl Management Company were voluntary dismissed on December 2, 2014.

-1-

common area sidewalk that abutted the parking lot. The parking spaces abutted the common area sidewalk.

As a consequence of her fall, plaintiff sued the defendants. Her suit asserted a claim of common law negligence as well as a claim for violation of MCL 554.139 for failure to keep the premises and all common areas fit for their intended use. Discovery ensued, and after its close defendants motioned the court for summary disposition under MCR 2.116(C)(10). Defendants argued that the sidewalk was fit for its intended purpose because it provided a reasonable means of traversing from tenants' vehicles to their apartments and that the patch of ice that plaintiff allegedly slipped on was open and obvious. Plaintiff argued that the common area in which she suffered her fall was not fit for its purpose of giving her reasonable access to her vehicle, that the danger that occasioned her fall was neither open nor obvious and that regardless the danger was effectively unavoidable. The trial court agreed with defendants.

## II. STANDARD OF REVIEW

We review de novo the trial court's decision to grant or deny a motion for summary disposition. *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999)].

## III. ANALYSIS

### A. STATUTORY DUTY

Plaintiff argues that the trial court erred in finding that there was no genuine issue of material fact regarding whether defendants breached their duty under MCL 554.139(1)(a) to maintain the sidewalk in a manner that was fit for its intended use of walking. We agree.

Since this is a motion under (C)(10), it is useful to review the evidence presented by the plaintiff in opposition to the motion. Plaintiff testified that on the morning of her accident, she observed patches of ice on the sidewalk abutting her walkway and was able to traverse safely to her door. Later that evening, she left her apartment with the intention to start her automobile before work. She testified that she fell before reaching her car. She testified that she felt ice underneath her after she fell. Plaintiff also offered the testimony of her neighbors regarding the complex's laxity in clearing ice and snow as well as testimony from them and her daughter, Raven Battle, who came to her aid that night, regarding the extent of icing on the sidewalk and grass. Plaintiff offered expert testimony regarding the weather conditions leading up to her fall from Certified Consulting Meteorologist Paul H. Gross. According to Gross, as of February 22, large piles of plowed and shoveled snow would have existed adjacent to the sidewalks in the complex. Gross' opinion is supported by Martin's testimony that on the night of plaintiff's fall,

there was an accumulation of a foot of snow on the grass. Gross' review of meteorological conditions showed that temperatures on February 22 and 23 were above freezing and caused the snow remaining on sidewalks to melt. According to Gross, weather records further indicated that after 4:00 p.m. on February 23 through February 25, temperatures remained well below freezing. This observation is partly supported by defendants' snow removal log for February 26 that indicated the temperature was 22° Fahrenheit and from the depositions of multiple witnesses who relayed that it was very cold on the night of plaintiff's fall, as well as Raven's testimony that her windows were frosted. Gross opined that "the ice Plaintiff encountered developed no later than late afternoon on the 24th, but very likely on the late afternoon of the 23rd." At the very least, ice would have existed for over twenty-four hours on plaintiff's sidewalk.

Additionally, the court had before it the testimony of Gyde, defendants' person responsible for snow removal. Gyde's testimony was that he worked Monday through Friday, 8:00 a.m. to 5:00 p.m. Snow removal logs indicated that the last snow removal work performed was on February 20, 2014, which was a Thursday. On that day, Gyde and another worker plowed, snowblowed and salted the complex, applying 20 bags or 1000 pounds of "ice melt" due to thick ice which Gross opined was due to thawing and refreezing. Gyde next plowed and performed an ice break up after plaintiff's fall using 750 pounds of materials over two days. Gyde testified that while no removal was done until after the fall, he had driven around the complex, including the area of plaintiff's apartment on the day before her fall

The parties arguments as to the viability of plaintiff's statutory claim focuses on two cases: *Allison v AEW Capital Mgt LLP*, 481 Mich 419; 751 NW2d 8 (2008) and *Benton v Dart Properties*, 270 Mich 437, 443 n 2; 715 NW2d 335 (2006). Reading them, not as contradictory but complimentary, we find that under either case, the record in this case presents a material question of fact to be resolved by a jury.

Both cases analyze MCL 554.139 and discuss a lessor's duty to keep the "premises and all common areas [] fit for the use intended by the parties." The duty under MCL 554.139(1)(a) "arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." *Allison*, 481 Mich at 425. MCL 554.139 "impose[s] a higher duty on landlords than on other inviters given the enhanced rights afforded tenants." *Benton*, 270 Mich at 443 n 2. The provisions of MCL 554.139 are to be liberally construed. MCL 554.139(3).

Both cases address the physical scope of this heightened duty. "[I]n the context of leased residential property, 'common areas' describes those areas of the property over which the lessor retains control that are shared by two or more, or all, of the tenants. A lessor's duties regarding these areas arise from the control the lessor retains over them." *Allison*, 481 Mich at 427. "[T]he sidewalks located within an apartment complex constitute 'common areas.' " *Benton*, 270 Mich App at 442. "Therefore, a landlord has a duty to take reasonable measures to ensure that the sidewalks are fit for their intended use," which the *Benton* Court concluded was for walking. *Id*. at 442-444.

Defendants argue that *Allison*, *supra*, is controlling. In *Allison*, the "[p]laintiff fractured his ankle during a fall when he was walking on one to two inches of accumulated snow in the parking lot of his apartment complex." 481 Mich at 423. Like here, the plaintiff alleged negligence and a breach of MCL 554.139(1). Our Supreme Court held, "[a] lessor's obligation

under MCL 554.139(1)(a) with regard to the accumulation of snow and ice concomitantly would commonly be to ensure that the entrance to, and the exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles." *Id*. The Court further held, that MCL 554.139(1)(a) "does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes." *Id*. at 430. The Court concluded that the facts "that the lot was covered with one to two inches of snow and that [the] plaintiff fell" did "not establish[] that tenants were unable to use the parking lot for its intended purpose." *Id*. A parking lot is not unfit simply because it is covered with snow and ice. *Id*. at 431. The *Allison* Court however specifically overruled *Teufel v Watkins*, 267 Mich App 425; 705 NW2d 164 (2005), "to the extent that *Teufel* held that a lessor's duty to maintain the premises and common areas 'fit for the use intended' under MCL 554.139(1) can *never* include snow and ice removal." 481 Mich at 438. The *Allison* Court applied the principle of *Benton*, that parking lots and sidewalks are common areas to which the duty to provide reasonable access applies. However, it found that the facts in the case before it did not create a material question of fact that the duty was breached. *Id*.

Plaintiff argues *Benton*, *supra*, should control. In *Benton*, the plaintiff fell on an "icy sidewalk" while walking from his apartment to a parking space in the apartment complex. 270 Mich App at 438-439. The plaintiff saw ice patches on some of the complex's sidewalks when he left for work that morning at 6:15 a.m. and noticed the sidewalks were covered with snow when he returned home from work at about 6:00 p.m. *Id*. at 439. The plaintiff fell later that evening on a "four to five feet long" patch of ice while walking "to a different car than the one he had taken to work earlier in the day, thereby causing him to take a different route than the one he had taken previously." *Id*. The sidewalk where the plaintiff fell was not illuminated. The plaintiff complained that the defendant violated its statutory duty under MCL 554.139(1)(a) and general negligence law "to remove snow and ice on the sidewalk in a timely manner." *Id*. The *Benton* Court summarized the conflicting evidence regarding the measures taken both on the day of the incident and on other occasions to ameliorate the effects of winter weather on the common areas. *Benton* applied the principle of *Trentadue v Buckler Automatic Lawn sprinkler Co*, 266 Mich App 297, 306; 701 NW2d 756 (2005), that "[a] genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Benton* concluded, "From the evidence presented, reasonable minds might differ regarding whether defendant's preventive measures, which consisted of salting the sidewalks only once in the morning on the day that plaintiff slipped and fell, constituted reasonable care *in light of the weather conditions that day*." 270 Mich App at 445 (emphasis added).

In the context of a (C)(10) motion for summary disposition, our focus is whether a genuine issue of material fact exists regarding whether defendants breached their duty under MCL 554.139(1)(a) to take reasonable measures to address the accumulation of ice and snow on the sidewalks in its complex. *Benton*, 270 Mich App at 444. From this record, it appears that plaintiff established a genuine issue of material fact as to whether defendants breached their duty under MCL 554.139(1)(a), and it was therefore error for the trial court to have granted defendants summary disposition. "A genuine issue of material fact exists when the record,

giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Reasonable minds could disagree as to whether defendants took reasonable measures to maintain the sidewalk in a condition that was fit for walking on in light of the weather conditions leading up to plaintiff's fall, the evidence of preventive measures taken to alleviate the dangers of ice and snow accumulation, and the fact that plaintiff did fall.

## B. COMMON LAW DUTY

Plaintiff also argues that the trial court erred in finding that no genuine issue of material fact existed as to whether the icy snow-covered sidewalk in front of plaintiff's apartment was effectively unavoidable. In *Benton* the Court held the "open and obvious danger doctrine cannot bar a claim against a landlord for violation of the statutory duty to maintain the interior sidewalks in a condition fit for the use intended under MCL 554.139(1)(a)." 270 Mich App at 438. In other words, "if defendant breached its duties under MCL 554.139, defendant would be liable to plaintiff even if the ice on the sidewalk was open and obvious." *Id*. at 441. Because we conclude that plaintiff demonstrated a genuine issue of material fact under MCL 554.139, it is unnecessary for this Court to address the question of whether the icy patches on the sidewalk were open and obvious or effectively unavoidable. See *Id*. at 445 ("In light of our holding that the open and obvious danger doctrine does not bar plaintiff's claim against defendant for violating its statutory obligation under MCL 554.139(1)(a), we need not address plaintiff's remaining issues on appeal.").

Reversed and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

-5-